## Bradley, et al. v. Schmidt.

(Decided March 23, 1928.)

### Appeal from McCracken Circuit Court.

1. **Automobiles.**—Automobile is not dangerous instrumentalty such as to render owner absolutely liable for use thereof by members of his family without regard to principles of agency.

2. Automobiles.—Owner of automobile held not liable under family purpose doctrine for injuries sustained as result of alleged negligent operation of automobile under direction of his 24 year old son, where son, residing with father and using car for his own purposes, was self-supporting.

3. Automobiles.—In action for injuries sustained in collision between two automobiles traveling in opposite directions, one of which made left turn across other's path, issues of negligence and contributory negligence held properly submitted to jury.

4. Automobiles.—In action for injuries sustained as result of automobile collision, refusal to permit one of defendants to testify as to which machine ran into the other held not error, where defendant admitted that he was not looking at the machines when they collided.

5. Automobiles.—In action for injuries resulting from collision between two automobiles approaching in opposite directions, one of which made left turn across other's path, driver of machine turning to left, though required to exercise ordinary care to avoid collision, was not under duty to exercise care to prevent interfering with passing of vehicles on the street, and instruction requiring such degree of care was erroneous.

6. Automobiles.—Driver of automobile traveling on servient highway need not yield to traveler on dominant highway except when two vehicles arrive at intersection at same time, even though lack of yielding may serve in some measure to interfere with the passage of a machine traveling on the dominant highway.

7. Automobiles.—Driver of automobile who exercises ordinary care to avoid collisions has done all that law requires.

WHEELER & HUGHES and J. D. MOCQUOT for appellants.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Broadway, in the city of Paducah, runs practically east and west. Near Thirty-First street, which runs north and south, Broadway is crossed in an oblique direction by an overhead railroad bridge. Just beyond this overhead bridge and to the east thereof is a wayside eating house and refreshment stand known as Peacock Gardens. On Sunday, the 30th day of January, 1927, about 10:30 in the evening, the appellee, Mrs. Anna Schmidt, in company with her husband, who was driving the Ford coupe in which they were riding, came from the east on Broadway towards the Peacock Gardens. At this time the appellants Henry L. Bradley, Jr., and Robert Clifton, the latter of whom was driving, were also coming towards the Peacock Gardens from the west

on Broadway in a Dodge touring car. As these young gentlemen came from under the overhead bridge, they turned their car to the left and crossed Broadway in order to enter the Peacock Gardens for the purpose of getting something to eat. As they were thus crossing Broadway, the Dodge and Ford cars collided, as a result of which the appellee was most seriously injured. She brought this suit against these two young gentlemen and Henry L. Bradley, Sr., the father of Henry L. Bradley, Jr., to recover damages for the injuries she thus sustained, and on the trial recovered a judgment for $20,000. To reverse that judgment this appeal is prosecuted.

No complaint is made concerning the size of the verdict, and probably none could be made in view of the extent of the appellee's injuries. As to the appellant, Henry L. Bradley, Sr., however, it is earnestly insisted that he was entitled to the peremptory instruction he requested at the close of appellee's case and again at the close of the whole case. Appellee attempted to fasten liability on the appellant, Henry L. Bradley, Sr., in this case under the "family purpose doctrine." Bearing on this proposition, the evidence was as follows: Henry L. Bradley, Sr., is a widower. Together with his brother, Will Bradley, he resides in a house on Broadway, in Paducah, Ky., which formerly belonged to their mother. This house now belongs to these two Bradleys and another brother who is a nonresident of the state. Henry L. Bradley, Sr., and Will Bradley are in the "Hay, Grain and Feed" business in the city of Paducah under the name of Bradley Bros., and have been so for a number of years. They have a housekeeper, Mrs. Kittie Hobbs, who keeps house for them. There live in the same house with these two brothers, the sons of Henry L. Bradley, Sr., Henry L. Bradley, Jr., and Jack Bradley. Both of these sons work for Bradley Bros., and the record shows without contradiction that both of these sons, as compensation for their services, receive a stated salary and their board. Henry L. Bradley, Sr., pays the ordinary running expenses of the home, such as grocery, fuel, light, and water bills, while Will Bradley pays the taxes and insurance on the house. To all outward appearances, however, the two brothers and the sons of Henry L. Bradley, Sr., live together as one family in this home. Henry L. Bradley, Jr., was at the time of this accident 24 years of age.

In the year 1923 Henry L. Bradley, Sr., purchased the Dodge touring car which was in the accident out of which this suit arose. There is a great controversy in the evidence as to whether he still owned this car at the time of the accident or had transferred it to the partnership of Bradley Bros. The public records show that after Henry L. Bradley, Sr., bought this car and the bill of sale which vested the title of the car in him had been filed with the county clerk of McCracken county, no transfer of title was ever thereafter filed with that clerk. The license on this car was renewed each year in the name of Henry L. Bradley, Sr. After the accident what was left of the Dodge car was traded in for a Chevrolet. The bill of sale to this Chevrolet which was filed in the county clerk's office shows that the title to this Chevrolet was taken in the name of Henry L. Bradley, Sr. The license was also issued in his name. At night and on Sunday, this Dodge car was kept at the home of Henry L. Bradley, Sr., unless it was being used by him or Henry L. Bradley, Jr., on pleasure trips of their own entirely unconnected with the business of Bradley Bros. The evidence for Henry L. Bradley, Sr., shows that he turned this car over to the partnership of Bradley Bros. and that during the day it was used by this firm in its business for the purposes of making deliveries in the city of small quantities of merchandise and of running errands. This evidence further shows that Bradley Bros. paid for the repairs, gasoline, oil, and tires for the car, and that an account was kept on the books of Bradley Bros. for this purpose. In this connection, however, we find that a like account was kept on these books for an Essex automobile which it is conceded was owned by Jack Bradley, but which he used during the day in the business of Bradley Bros. as their city salesman. We are convinced that the true legal effect of the arrangement concerning this Dodge car was that the ownership of it remained in Henry L. Bradley, Sr., but that the use of it during business hours was vested in Bradley Bros. in return for which this partnership paid the expenses mentioned. The record shows quite conclusively, and indeed Henry L. Bradley, Jr., so testified, that outside of business hours Henry L. Bradley, Sr., and Henry L. Bradley, Jr., especially, were accustomed to use this car for pleasure trips. At the time of the accident Henry L. Bradley, Jr., had taken the car out of the garage at home about 3 o'clock in the afternoon, although without the express

consent of his father obtained on this particular occasion. He took it for the purpose of driving around on this Sunday afternoon for his own pleasure. At the time of the accident he had his friend and coappellant, Clifton, doing the driving for him because he was tired. The question presented by the motion of Henry L. Bradley, Sr., for a peremptory instruction is whether the facts, as we have above outlined them, conceding for the nonce that Henry L. Bradley, Jr., is liable to the appellee for the injuries she sustained in this accident, makes Henry L. Bradley, Sr., also responsible under the "family purpose doctrine" as laid down in this state. As we said in the case of Rauckhorst v. Kraut, 216 Ky. 323, 287 S. W. 895, learned commentators have pointed out the difficulty in arriving at a true basis for the family purpose doctrine.

The attempt to base it on the theory that an automobile is a dangerous instrumentality cannot be sustained in the light of the well-settled doctrine that an automobile is not such. Tyler v. Stephan's Adm'x, 163 Ky. 770, 174 S. W. 790; Mullen & Haynes Co. v. Crisp, 207 Ky. 31, 268 S. W. 576. An automobile is dangerous to third persons only when operated by a dangerous driver, and in a reckless fashion. On the other hand, it has been sought to rest the family purpose doctrine on the principle of "master and servant" or that of "principal and agent," and probably the family purpose doctrine in this state rests on this theory. Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224. If the doctrine does rest on this theory, do the facts of this case establish any such relationship between Henry L. Bradley, Sr., and Henry L. Bradley, Jr., as that of master and servant or of principal and agent? It cannot be successfully denied that at the time of the accident Henry L. Bradley, Jr., was primarily serving a purpose of his own. The ride he was taking with his friends was designed by him to promote his own happiness and pleasure and that of his friends. Were Henry L. Bradley, Jr., a paid chauffeur of Henry L. Bradley, Sr., rather than his son, no one would here contend that Henry L. Bradley, Sr., would be responsible for this accident. The mere lending of the machine to the chauffeur would not make Henry L. Bradley, Sr., responsible, and the further fact that the chauffeur was serving a purpose of his own at the time of the accident would exclude any notion of liability on the part of Henry L. Bradley, Sr. Keck's

Adm'r v. Louisville Gas & Elec. Co., 179 Ky. 314, 200 S. W. 452, L. R. A. 1918C, 654. It is true that Henry L. Bradley, Jr., was not a paid chauffeur, yet he was a man 24 years of age, out in the world making his own living, and, although residing with his father, paying for his board under the arrangements he had with Bradley Bros. While it may be true that a parent may be responsible for the negligence of his child in operating, with the parent's consent, an automobile maintained by the parent for family use where the child is living in the household of the parent as an object of his bounty and is a person whom the parent is under a moral or legal obligation to support, although the child may be using the machine for a trip for his own pleasure, yet, where these elements are not present, no ground of liability on the part of the parent can be discovered. Without the conditions mentioned, the adult child using the automobile for his own purpose and pleasure is serving no purpose of the parent, and so the case falls without the principles of "master and servant" and "principal and agent." With the mentioned conditions present, it may be that the child while operating the automobile with the parent's consent is carrying out a purpose or business of a parent by discharging the undertaking of the parent to afford pleasure to those dependent upon him morally or legally. But where the parent is under no such moral or legal duty, and where the child is an adult and has assumed a station in life in which he relies upon his own abilities, the lending of a machine by the father to the son in order that the latter may take a pleasure trip of his own does not establish any relationship of principal and agent or master and servant, for in truth the adult son when so using the machine is not discharging any functions of the parent or carrying out any affair or business of the parent. The precise question of this case has never been presented to this court before for decision, although its solution was forecasted in the Rauckhorst case, supra, and in that of Kennedy v. Wolf, 221 Ky. 111, 298 S. W. 188. It is idle to quote authority from other states because it may be found pro and con on this subject. The inquiring reader, however, is referred to the notes in 32 A. L. R. 1504, where a large number of these cases is collected and where reference may also be found to earlier annotations. From what we have said, it follows that the motion of Henry L. Bradley, Sr., for a peremptory instruction should have been sustained.

So far as the appellants Henry L. Bradley, Jr., and Robert Clifton are concerned, their motion for a peremptory instruction was properly overruled because the evidence was conflicting as to whose negligence caused this accident, whether theirs was the cause or that of the driver of the Ford coupe was the sole cause. It was proper to submit this question to the jury. Nor do we find any error in the rejection of any testimony offered by the appellants, although some complaint is made that Henry L. Bradley, Jr., was not permitted to say which machine ran into the other. No prejudicial error was committed in this regard though, since this witness admitted that he was not looking at the machines when they collided. He said that his head was turned to the right, and "If I saw anything, I saw a flash of light, and I could not swear that I saw that. I was talking to Al Quisenberry (another passenger in the car) and had my head turned to the right like this."

These appellants, however, complain of instruction No. 2 which in defining the duties of the driver of the Dodge car said, among other things, that it was his duty:

"In turning to the left across Broadway, to exercise ordinary care to prevent interfering with the passing of vehicles on said street at said time and place, including plaintiff."

This instruction to the extent of this quoted portion was erroneous. The duty should have been stated as that of exercising ordinary care to avoid colliding with other machines passing at the said time and place. To say that the driver of an automobile under such circumstances must exercise ordinary care to avoid interfering with the passing of other vehicles is to state the duty too broadly. Almost any crossing of a crowded street or thoroughfare is bound to interfere with passing of vehicles going at right angles. Even where a statute or ordinance gives those going in a certain direction the right of way over those going at right angles to such direction, we have never held that it was the duty of those traveling on the servient highway to yield under all circumstances the right of way to those traveling on the dominant highway. We require a yielding only when the two vehicles arrive at the intersection at the same time, although the lack of such yielding may serve in some measure to interfere with the passage of a machine traveling the dominant highway. Louisville Railway Co. v.

Birdwell, 189 Ky. 424, 224 S. W. 1065. The necessities of modern traffic conditions demand such a rule. If one were under the duty of driving his automobile at all times so as not to interfere with passing vehicles, he could scarcely ever cross a crowded highway without the assistance of a traffic light or policeman. Some interference with other automobiles is bound to result in the use of public highways by machines, but if the driver exercises ordinary care to avoid collisions he has done all that the law requires of him. According to appellants' theory of this case, the Ford machine was a good distance away when the Dodge car turned to go into Peacock Gardens, and but a slight reduction in the speed of the Ford would have permitted the Dodge to have passed in safety across Broadway into Peacock Gardens. If a driver on a servient highway is not bound to yield the right of way to a driver on a dominant highway when the latter is farther away from the intersection than the former, then the Dodge car surely had the right, if the Ford car was the distance away that the appellants say it was, to turn to the left and cross Broadway as it did, even though such crossing interfered with the progress of the Ford, provided that in so crossing the driver of the Dodge exercised ordinary care to avoid colliding with the Ford. The instruction as given utterly ignored the appellants' theory, and they were clearly entitled to have it submitted to the jury. This body may have believed the appellants' version concerning the position of the Ford car when they turned into Peacock Gardens, and yet believed that the appellants had no right to so turn because such turning interfered with the passage of the Ford. If appellants be believed, it was such an interference as that to which the Ford car would have to submit. The instruction, as worded though, destroyed appellants' defense even though the jury believed their version of the transaction. It results, therefore, that appellants Clifton and Henry L. Bradley, Jr., are entitled to a new trial because of this erroneous instruction.

The judgment of the lower court is reversed with instructions to grant the appellants a new trial herein in accordance with this opinion.

Whole court sitting.