## Malcolm v. Nunn et al.

(Decided November. 13, 1928.)

### Appeal from Crittenden Circuit Court.

1. Automobiles.—Under Ky. Stats., sec. 2739g-28, requiring driver of automobile to sound horn or other device when necessary as warning of approach to pedestrians, sounding of horn is only required when it is necessary to give warning to pedestrians.

2. Automobiles.—In action for injury to pedestrian by automobile driven by defendant, testimony that driver failed to sound horn, without proof that there was any necessity therefor, did not make case for jury, on ground that no warning of approach was given, as required by Ky. Stats., sec. 2739g-50, of automobile drivers.

3. Automobiles.—Pedestrian, suing for injuries by automobile, specifying negligence as reckless, careless driving, at rapid rate of speed, without giving any signal or warning of approach, is confined in proving case to specified acts of negligence.

4. Negligence.—Where question is one of negligence, or no negligence, and facts established by evidence are consistent with either view, court should not submit case to jury, because party affirming negligence has failed to prove it.

5. Automobiles.—In action by pedestrian for injury sustained when struck by automobile, evidence that front wheel of automobile stopped on pedestrian's foot conclusively showed that it must have been traveling at very slow rate of speed.

6. Automobiles.—Where there was neither allegation nor proof, in pedestrian's action for injury by automobile, that driver was under 21 years of age, and no proof that driver was acting as agent of his father, or was driving on any mission or business of his father, at time of accident, father would not have been responsible under family purpose doctrine, even if driver had been negligent.

H. PATE WELLS and VERT C. FRASER for appellant.

C. S. NUNN and J. W. BLUE, JR., for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee, Bruce Nunn, was driving a car in the city of Marion on December 13, 1926, when it struck the appellant, J. W. Malcolm, and did him some injury. He instituted suit against Bruce Nunn and Dr. F. W. Nunn, the father of Bruce Nunn, alleging as to Dr. Nunn that he was the owner of the car, and that the family purpose doctrine should be applied to him. The negligence alleged in the petition is that Bruce Nunn was running

the automobile at a high and dangerous rate of speed, and that no warning of his approach was given.

The answer was a denial of all negligence and a plea of contributory negligence. The case went to trial, and at the conclusion of the evidence offered in behalf of appellant the trial court directed the jury to return a verdict in favor of appellees. There was no evidence that the automobile was driven at a high or dangerous rate of speed at the time of the accident. Appellee testified that no signal or warning was given, but he testified to no fact which would show, or tend to show, that any signal was necessary. Under the provisions of section 2739g28, Ky. Stats., the driver of every automobile on a public highway is required to sound a horn, or other sound device, whenever necessary, as a warning of the approach of such vehicle to pedestrians, but shall not sound the horn, or other sound device, unnecessarily. Under that section the sounding of a horn, or other sound device, is only required when it is necessary to give warning to pedestrians.

Under the provisions of section 2739g50, Ky. Stats., any person operating a motor vehicle on a public highway, before turning, stopping, or changing his course, shall first ascertain that there is sufficient space for such change or turn to be made in safety, and if it appears that the movement, or operation of another, or other vehicle, may reasonably be affected by this change the operator is required to signal his intention. The signal is defined by the statute. There is no proof that Bruce Nunn failed to give the signal as required by this section. There is the testimony of appellant that he failed to sound a horn, or other sound device, but there is no proof that there was any necessity therefor. We must hold, therefore, that he did not make a case for the jury on this point.

The negligence specified in the petition is that the "said Bruce Nunn, while driving at a reckless, careless and rapid rate of speed, and without giving any signal or warning of its approach, negligently ran into, upon and against this plaintiff, knocking him to the ground." He is confined to the negligence which he alleged in his petition, as he attempted to point out the specific acts of negligence. If a litigant specifies the negligence upon which he bases his right to recover, he is confined in proving his case to the specified acts. Belcher v. Sandy

Valley & Elkhorn Railway Co., 207 Ky. 560, 269 S. W. 729.

It has been said by this court that two rules of practice are firmly established in this jurisdiction. One is that, in suits for negligence, the negligence relied on in the petition, if it is specified, must be established by the proof, and the other is that the proof must conform to the allegation. These rules were fully discussed, and many cases cited in support thereof, in the case of Louisville & N. R. R. Co. v. Kirby, 173 Ky. 399, 191 S. W. 115. It is also established that, where the question is one of negligence, or no negligence, and the facts established by the evidence are consistent with either view—that is, that there may have been negligence, or there may not have been negligence—the court should not submit the case to the jury, because the party affirming the negligence has failed to prove it. Louisville Gas Co. v. Kaufman-Straus Co., 105 Ky. 131, 48 S. W. 434, 20 Ky. Law Rep. 1069. That being the rule, and appellant having failed to establish that there was any necessity for a signal, he was not entitled to have his case submitted to the jury on this point.

There is absolutely no proof that appellee was driving at a high or dangerous rate of speed. There was no eyewitness to the driving of the machine. Appellant testified that he walked out into the street and looked for approaching vehicles, but saw none, and as he started on the automobile ran upon his foot and threw him down. The front wheel of the automobile stopped on his foot. This conclusively shows that it must have been traveling at a very slow rate of speed.

As to Dr. Nunn, there is neither allegation nor proof that Bruce Nunn was under 21 years of age, and neither is there any proof that he was acting as the agent of his father, or that he was driving the machine on any mission or business of his father's at the time of the accident. Under that state of facts he would not have been responsible, even if Bruce Nunn had been negligent. Bradley v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703.

Judgment affirmed.