## Creaghead v. Hafele's Administrator.

(Decided November 28, 1930.)

BEN BIEDENHARN, JR., for appellant.

BENTON, YUNGBLUT, SCOTT & BENTON and SAWYER A. SMITH for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On August 7, 1928, Le Roy Hafele, a child two and a half years of age, was struck by an automobile driven by Elizabeth Creaghead, and he sustained injuries which resulted in his death.

The automobile was owned by Thomas J. Creaghead, the father of Elizabeth Creaghead. This suit for damages was filed by Le Roy Hafele's administrator against the appellant on the theory that he, as owner of the car, was liable under the "family purpose" doctrine. This allegation is taken from the petition: "The defendant, Thomas J. Creaghead, is the father of the said Elizabeth Creaghead, and is a resident of Kenton county, Kentucky. The car conducted and driven as aforesaid belonged to and was the property of defendant, kept and permitted by him to be used for the convenience and pleasure of his family, and was at the time and place above mentioned operated by said Elizabeth Creaghead with the consent and permission of defendant, as a member of his family, and as his agent." On this appeal from a judgment for $3,000 recovered against him, appellant's sole contention is that the trial court erred in refusing to sustain his motion for a directed verdict.

The motion for a directed verdict was based on the grounds that the driver of the car was an adult and not a member of the father's family within the meaning of the "family purpose" doctrine, and that no agency was

established. The facts bearing on this point, fairly established by the evidence, are that the driver of the car, Elizabeth Creaghead, who was more than thirty years of age, resided in Philadelphia, Pa., and was employed as an instructor in the University of Pennsylvania at a salary of $165 a month. She had been so employed since October, 1925, and after she left home in 1925 her father never contributed to her support. The appellant, Thomas J. Creaghead, and his wife resided in the town of Ft. Mitchell, Ky. It was the daughter's custom to spend about a month of her vacation at her parents' home in Ft. Mitchell each summer. About June 1, 1928, the appellant bought an automobile for his own use and use of his family. Some time later in the month his daughter came to his home to spend her vacation, and, because of the illness of her mother, she remained until the third week in August. During the time she was at appellant's home she drove his automobile without objection from him, and there is no claim that she was not permitted to use it when it was not being used by appellant. Several days prior to August 7, 1928, appellant went to New York to attend a convention and returned to his home the day after the accident in which appellee's intestate was killed. He left no instructions in regard to the use of the car, and during his absence his daughter used it as she desired.

On the morning of August 7, she drove to Cincinnati in the car for the purpose of purchasing some articles for her home in Philadelphia. Before returning to appellant's home she drove to the home of her sister-in-law, Mrs. Robert Creaghead, who resided in Ft. Thomas, Ky. While she was there, her sister-in-law, whose husband was away from home, concluded to go with Miss Creaghead to appellant's home and spend the night. On the way from Ft. Thomas to Ft. Mitchell and while driving along 10th street in Newport, Ky., the Hafele child was struck and knocked down by appellant's car, which was at the time driven by Elizabeth Creaghead.

From the above statement of facts it will be seen that at the time of the accident Elizabeth Creaghead was not acting as the agent of her father, but was using the car for her own purposes. She was an adult residing in another state and supporting herself. Appellant was under no obligation, moral or legal, to support her, and at the time of the accident she was merely a visitor in his home. The "family purpose" doctrine is a modern

innovation in the law of torts, and while it is firmly established in this state, where a child, whom the parent and owner of the car is obligated to support, is using the car for his own pleasure, this court has never extended the doctrine to cases involving adult children who were in no way dependent upon the parent. On the contrary, in Bradley v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703, 705, 57 A. L. R. 1100, it was specifically held that the owner of an automobile was not liable under the "family purpose" doctrine for injuries sustained as the result of alleged negligent operation of the automobile by his adult son who was self-supporting and at the time of the accident was using the car for his own purposes, although he resided with his father. In the course of the opinion it was said:

> "While it may be true that a parent may be responsible for the negligence of his child in operating, with the parent's consent, an automobile maintained by the parent for family use where the child is living in the household of the parent as an object of his bounty and is a person whom the parent is under moral or legal obligation to support, although the child may be using the machine for a trip for his own pleasure, yet, where these elements are not present, no ground of liability on the part of the parent can be discovered. Without the conditions mentioned, the adult child using the automobile for his own purpose and pleasure is serving no purpose of the parent, and so the case falls without the principles of 'master and servant' and 'principal and agent.' With the mentioned conditions present, it may be that the child while operating the automobile with the parent's consent is carrying out a purpose or business of a parent by discharging the undertaking of the parent to afford pleasure to those dependent upon him morally or legally. But where the parent is under no such moral or legal duty, and where the child is an adult and has assumed a station in life in which he relies upon his own abilities, the lending of a machine by the father to the son in order that the latter may take a pleasure trip of his own does not establish any relationship of principal and agent or master and servant, for in truth the adult son when so using the machine is not discharging any functions of the parent or carrying out any affair or business of the parent."

The Bradley case was followed by Malcolm v. Nunn, 226 Ky. 275, 10 S. W. (2d) 817, 819, wherein the court said:

"As to Dr. Nunn, there is neither allegation nor proof that Bruce Nunn was under 21 years of age, and neither is there any proof that he was acting as the agent of his father, or that he was driving the machine on any mission or business of his father's at the time of the accident. Under that state of facts he would not have been responsible, even if Bruce Nunn had been negligent."

This case cannot be distinguished from the Bradley case on the facts, and we are not disposed to depart from the rule there announced. Appellant's motion for a directed verdict should have been sustained, because there is no evidence that his daughter was acting as his agent at the time of the accident. The most that could be found in the present case was that the car was being used for the purpose of the driver with the consent of the appellant. It follows that the trial court erred in overruling appellant's motion for a directed verdict.

Wherefore the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.