## Standard Oil Company et al. v. Brittain.

(Decided December 16, 1930.)

TYE, SILER, GILLIS & SILER for appellants.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by Forrester L. Brittain against the Standard Oil Company and its driver, Eugene Johnson, to recover for personal injuries and damages to his automobile, the jury returned a verdict in favor of plaintiff for $500, and the defendants appeal.

The accident was the result of a collision between Brittain's Chevrolet and a truck owned by the Standard Oil Company and being driven by Johnson, its agent. The collision occurred in Knox county at or near a curve in the dirt road leading from Woodbine to Wilton. The truck was going toward Wilton, and the Chevrolet was going in the opposite direction. At the place of the accident, the road was rather narrow, and, according to the evidence for Brittain, the accident was due to the fact that the truck was on the wrong side of the road. On the other hand, the evidence for appellants was to the effect that Brittain's car was on the wrong side of the road. Thus it will be seen that the case is one of conflicting evidence, and, that being true, the question of negligence was one for the jury.

The petition charged in substance that the defendants, with gross, reckless, and careless conduct, ran

one large heavy truck upon and against the car of plaintiff, and thereby damaged the car and injured the plaintiff. The point is made that the petition was defective, in that it did not give the relation of the parties defendant, or allege that Johnson was operating the truck by and with the authority of the Standard Oil Company. The defendants did not demur to the petition, but filed an answer joining issue and pleading contributory negligence. The evidence, which was heard without objection, showed conclusively that the truck was owned by the Standard Oil Company, that Johnson was its driver, and at the time of the accident he was engaged in delivering oil for the company. In the circumstances there can be no doubt that any defect in the petition was cured by the verdict.

The further point is made that appellants were entitled to a peremptory instruction, in view of evidence to the effect that Brittain did not sound his horn as his car went around the curve. It is true that section 2739g-47, Kentucky Statutes, provides that every operator of an automobile or bicycle, when approaching a curve or an obstruction to the view on a public highway which prevents a clear view for a distance ahead of one hundred and fifty feet, shall hold said automobile or bicycle under control, and shall give warning by horn or other sound device of his approach, and while the evidence as to the conditions at the time of the accident may have been such as to authorize the giving of an instruction on Brittain's duty to blow his horn, had one been offered, it was not sufficient to justify the conclusion that Brittain's failure to sound the horn was contributory negligence as a matter of law. It follows that the court did not err in overruling the motion for a peremptory instruction.

Another insistence is that the court erred in overruling the motion to require appellee to make his petition more specific by setting out in detail the location, nature, and extent of all of his injuries, and itemizing the amounts claimed to have been expended for nursing, medical services, etc. The petition did allege that appellee was struck, bruised, and injured, in his head, arms, limbs, and body, both internally and externally, and that he had been compelled to expend, and would have to expend, for nursing and medical services, an amount then unknown to him, and approximating the sum of $100. Appellee's evidence and that of his physician showed

that appellee's breast-bone was broken, and that this injury, together with the suffering resulting therefrom, was the only injury of which he complained. The case was not one where the injuries claimed were concealed, or such as could have been detected only by a prior examination, which, if not had, would place appellants at a disadvantage on the trial. While the court might with propriety have sustained the motion to make the petition more specific, we are constrained to hold that the overruling of the motion was not prejudicial to appellants' substantial rights.

Another contention is that the court erred in not permitting appellants to contradict the witness, Herbert Brooks, by a prior statement in writing. It is true that a witness may be impeached by the party against whom he is produced by showing that he has made statements different from his present testimony, section 597, Civil Code of Practice, but, before other evidence can be offered of the witness having made at another time a different statement, he must be inquired of concerning it, with the circumstances of time, place, and persons present, as correctly as the examining party can present them, and, if it be in writing, it must be shown to the witness with the opportunity to explain it. Section 598, Civil Code of Practice. Murphy v. May, 9 Bush, 33. Here the witness was asked if on the 1st day of October, 1928, he did not sign a written statement in the following language: "I state," etc. Objection was sustained. Counsel for appellants insist that the action of the court was such as to cut them off without an opportunity to offer the writing to the witness for explanation. Manifestly, the objection was sustained on the ground that counsel had not laid the foundation prescribed by the Code. Counsel were not deprived of the right of further interrogation. All that they had to do was to offer the writing to the witness and give him an opportunity to explain it. Having failed to do this, there can be no doubt that the ruling of the court was proper.

The further complaint is made that there was no satisfactory evidence of the market value of the Chevrolet immediately before and after the accident. Appellee testified without objection that the market price of the Chevrolet was $850, and, though he first said it might have had half that value after the accident, he, on being interrogated by the court, fixed its value at that amount. While this evidence is not as satisfactory as it might have

been, yet, as there was no evidence to the contrary, and it was clearly shown that appellee's breast-bone was broken and the injury was a very painful one, and as he was awarded only $500 for both his injury and the damage to his machine, we are not inclined to hold that the evidence as to the damage to the machine was so unsatisfactory as to authorize a reversal of the judgment.

Judgment affirmed.