## Bell & Bell v. Rascoe.

(Decided Oct. 17, 1933.)

W. A. BERRY for appellant.
JOHN T. KING for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Walter Rascoe instituted this suit in the Trigg circuit court against E. A. Bell, a construction contractor,

doing business under the firm name of Bell & Bell, seeking to recover damages for personal injuries alleged to have been sustained by the negligence of the agent and servant of defendant in so operating one of defendant's motortrucks as to bring it in collision with a truck of Ben Nicholson upon which plaintiff was riding. Defendant interposed a demurrer to the petition which was overruled, and thereupon he filed answer traversing the allegations of the petition and pleading affirmatively that the accident was caused solely by the negligence of the driver of the truck upon which plaintiff was riding; that in so far as the driver of defendant's truck was concerned it was an unavoidable accident. By amended answer, defendant pleaded contributory negligence upon part of plaintiff. By reply, plaintiff denied the affirmative allegations of the answer, thus completing the issues. Trial before a jury resulted in verdict and judgment for plaintiff in the sum of $700, and defendant is appealing.

Grounds argued for reversal relate solely to the sufficiency of the evidence, it being urged: (1) That the court erred in overruling defendant's motion for a peremptory instruction at the close of plaintiff's evidence and as renewed at the close of all the evidence; and (2) that if there was sufficient evidence to take the case to the jury, the judgment should be reversed because the verdict is flagrantly against the evidence.

The accident occurred at a curve on the road near Cerulean. While the evidence is not very clear or specific as to the nature of this curve and surrounding circumstances, we infer from a reading of the record that it is a very pronounced curve and in passing around it one is able to see only a short distance ahead because of obstructions. The Nicholson truck which was loaded with stone was being driven by Ben Nicholson. Robert Hunter was in the driver's seat with him and appellee was standing upon the left running board. In substance, the evidence for appellee shows that the Nicholson truck had just passed a telephone pole at the side of the road where the road was too narrow for two trucks to pass when the driver discovered appellant's truck coming from the opposite direction. When Nicholson saw the other truck, he pulled over to the right and finally ran his front wheels into the ditch at the roadside in an effort to avoid the collision. Appellant's

truck was in the middle of the road and did not pull over to the right, but continued on, striking the side of the Nicholson truck head on, and appellee's foot was caught and so mangled as to necessitate amputation.

Nicholson testified that when he entered the curve he was not driving over 15 miles an hour, that his brakes were in good condition, and that he could stop his truck in a very short distance; that he had practically brought his truck to a stop when appellant's truck ran into him. Robert Bryant, driver of appellant's truck, testified that he was proceeding around the curve on the right hand side of the road at a reasonable speed when he discovered the truck coming around the curve "sideways"; that he pulled over on the shoulder as far as he could and had stopped or practically come to a stop when the other truck struck the one he was driving. Ernest Bell, and others who later went to the scene of the accident, testified as to the conditions found, and their evidence strongly tends to corroborate Bryant's statement as to how the accident occurred and to show that in coming around the curve meeting appellant's truck, the rear of the Nicholson truck swerved or skidded over onto the left side of the road and struck the front end of appellant's truck as was evidenced by gravel scraped up by the wheels. The evidence shows that the occupants of both trucks were acquainted with the road and surrounding conditions at the scene of the accident.

It is argued by counsel for appellant that appellee was guilty of contributory negligence as a matter of law in riding upon the running board on the left side of the truck which would expose him to danger from trucks coming around the curve from the opposite direction or, in other words, that he chose a dangerous and hazardous position on the running board of the truck when he could have occupied one of comparative safety in or on the body of the truck. A number of cases are cited as supporting this theory, but the only domestic case is that of Cain's Adm'r v. Ohio Valley Telephone Co., 47 S. W. 759, 20 Ky. Law Rep. 855. A careful reading of that case will disclose that it has little, if any, application to the facts developed by the proof in this case. In effect, it holds that one who exposes himself to an obvious danger and is injured cannot recover from another where the injury was not

the direct or proximate result of any negligence upon the part of such other. While some of the foreign cases cited seemingly support appellant's theory, it will be found that they are out of harmony with the rules prevailing in this jurisdiction.

In the case of Wilkerson v. Sanderson, 233 Ky. 493, 26 S. W. (2d) 1, Sanderson and other workmen were riding upon a flat platform or bed of a truck which extended out over the wheels with their feet hanging over the side. An automobile driven by Wilkerson and going in the opposite direction struck and severely injured Sanderson's foot and leg. The accident happened after dark. In disposing of the contention that Sanderson was guilty of contributory negligence as a matter of law, it was said: "There is no law against riding this way. Because a portion of plaintiff's body extended beyond the edge of the truck, the defendant had no right to run into him and was not relieved of his duty to exercise ordinary care to avoid injuring him."

In the case of Cincinnati N. & C. Ry. Co. v. Rairden, 231 Ky. 141, 21 S. W. (2d) 236, where it was shown that a man riding on the running board of an automobile was crushed between it and a passing street car, it was held that he was not negligent as a matter of law in riding upon the running board and that it was for the jury to determine from the evidence in an action for damages against the street railway company whether or not his conduct constituted contributory negligence.

From our recital of the evidence it will be seen that the jury was left to determine the issues of fact from conflicting evidence of two sets of witnesses and in the end their verdict must have turned in a large measure on the credibility of the witnesses.

In the case of Standard Oil Company v. Brittain, 236 Ky. 625, 33 S. W. (2d) 625, where there was a similar conflict in the evidence regarding a collision between two vehicles, it was held that the question of negligence was one for the jury, and this is the general rule that has been consistently adhered to by this court.

A verdict in cases of conflicting evidence depending upon the credibility of witnesses is conclusive and will not be disturbed upon appeal. Town of Wingo v. Rhodes, 234 Ky. 385, 28 S. W. (2d) 465; Potter v. Reese,

**760**

239 Ky. 497, 39 S. W. (2d) 967, 968; Louisville & N. Ry. Co. v. Cornett, 237 Ky. 131, 35 S. W. (2d) 10.

In the light of these established rules, there is no escape from the conclusion that the court did not err in overruling appellant's motion for a peremptory instruc- and that the jury's verdict finds such support in the evidence as would forbid interference by this court.

Judgment affirmed.