## Miracle et al. v. Cavins.

(Decided May 29, 1934.)

F. M. JONES for appellants.

H. H. OWENS, and T. B. CULTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing in part and affirming in part.

Flona Cavins brought this suit against G. S. Miracle and his son, L. G. Miracle, to recover damages for personal injuries. From a verdict and judgment in her favor for $2,705, of which $205 was for doctors' and hospital bills, the defendants appeal.

The accident happened about 8 o'clock in the evening. L. G. Miracle, accompanied by Miss Nola Howard, was driving toward Barbourville in a car registered in the name of his father, G. S. Miracle. Appellee and several others were riding in a Chevrolet truck owned and driven by her brother-in-law, Dewey Helton, and were going toward Pineville. Appellee was in about the middle of the truck with her left arm on one of the slats. As the automobile and truck passed each other, the automobile struck the side of the truck and severely injured appellee's arm. According to the occupants of the truck, the truck was on the right side of the road, and off the hard surface at the time of the accident. According to L. G. Miracle, his companion, and other witnesses, his car was off the highway on his side of the road. There being substantial evidence that the car was on the wrong side of the road at the time of the

accident, it cannot be doubted that the question of negligence was for the jury.

At the time of the accident appellee's arm was resting on one of the slats, and even if her elbow projected two or three inches beyond the slats, this was not contributory negligence as a matter of law. Bell & Bell v. Rascoe, 250 Ky. 756, 63 S. W. (2d) 932.

After authorizing a recovery for physical and mental suffering, which appellee may have endured as the result of the injury, the instruction on the measure of damages reads in part as follows:

"And if you shall believe from the evidence that her injuries are permanent, you should award to her such sums in damage as will fairly and reasonably compensate her for her mental and physical suffering which is reasonably certain she will endure in the future."

The instruction is assailed on the ground that the court did not submit the question of future suffering to the jury, but told the jury in effect that appellee would endure mental and physical suffering in the future. The evidence discloses that the flesh was torn from appellee's arm; that the bones forming the elbow joint were fractured in small pieces; that her arm is scarred and deformed, and was causing continuous pain, even at the time of the trial. In short, the case is so clear that appellee will continue to suffer in the future that we do not regard the form of the instruction, though subject to criticism, as prejudicial. For the same reason it cannot be said that the verdict is excessive.

Complaint is also made of the misconduct of one of the jurors during the progress of the trial. All that was said or done by the juror took place in the presence and hearing of appellants and their counsel, without objection or motion to discharge the jury. It was too late after appellants had risked the verdict to insist for the first time that the jury should have been discharged.

The liability of G. S. Miracle, the father of L. G. Miracle, the driver of the car, presents a more serious question. Though living with his father, L. G. Miracle was twenty-three years of age, worked for the L. & N. Railroad, and was using the car for his own pleasure. An examination of our opinions will disclose that, though com-

mitted to the "family purpose doctrine," we have steadily refused to apply it to an adult child whom the father was under no legal or moral obligation to support, and who, though living with his father, and acting with his permission at the time of the accident, was using the car solely for his own pleasure or business. Bradley v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703, 57 A. L. R. 1100; Malcolm v. Nunn, 226 Ky. 275, 10 S. W. (2d) 817; Creaghead v. Hafele's Adm'r, 236 Ky. 250, 32 S. W. (2d) 997; United States Fidelity & Guaranty Co. v. Hall, 237 Ky. 393, 35 S. W. (2d) 550; Ludwig v. Johnson, 243 Ky. 534, 49 S. W. (2d) 347. It follows that G. S. Miracle was entitled to a peremptory instruction.

Judgment affirmed as to L. G. Miracle, and reversed as to G. S. Miracle, and cause remanded for a new trial consistent with this opinion.