## McNamara v. Prather.

March 7, 1939.

Will H. Fulton, Judge.

VICTOR L. KELLEY and EDWARD J. HOGAN for appellant.
ANDREW W. NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, I. P. Prather, brought this action against R. E. McNamara to recover damages for injuries received by him in an automobile accident in which his automobile collided with one driven by Robert McNamara, the minor son of R. E. McNamara. Robert McNamara was a student in the University of Kentucky, and was driving from his home in Elizabethtown to Lexington. The appellee sought to fasten liability upon the appellant under the family purpose doctrine. He alleged in his petition that Robert McNamara was an infant under 21 years of age, and the son of R. E. McNamara; that the automobile driven by Robert McNamara at the time of the accident was owned by R. E. McNamara; that the members of his family, including Robert McNamara, were permitted to use it for their convenience and pleasure; and that it was being used at the time of the accident by Robert McNamara with the consent and permission of his father. In an amended petition he alleged that the automobile referred to in the petition as being the property of R. E. McNamara was at all times therein stated maintained by the said R. E. McNamara and was under his direction and con-

trol, and was used and maintained by him as a family purpose car and for the pleasure and benefit of the members of his family, including his son, Robert McNamara. The case was submitted to the jury which returned a verdict for $500 for the plaintiff. The chief ground relied upon for a reversal of the judgment is the alleged error of the court in overruling appellant's motion for a directed verdict in his favor, on the theory that there was no evidence tending to show that he owned or maintained the automobile driven by Robert McNamara as a family purpose car, or that Robert McNamara was operating the car with his permission.

The family purpose doctrine has been definitely rejected by a number of courts, but this court is committed to the doctrine with certain limitations. For instance, a parent who owns, maintains, or provides an automobile for the pleasure or convenience of the family is not liable for its negligent use by an adult child whom the parent is under no legal or moral obligation to support. Abell v. Whitehead, 266 Ky. 764, 99 S. W. (2d) 770; Miracle v. Cavins, 254 Ky. 644, 72 S. W. (2d) 25; Ludwig v. Johnson, 243 Ky. 533, 49 S. W. (2d) 347; Creaghead v. Hafele's Adm'r, 236 Ky. 250, 32 S. W. (2d) 997; Bradley v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703, 57 A. L. R. 1100. The courts which have adopted the doctrine are not in agreement as to the reasons supporting it, but the following from the note in 88 A. L. R. 601 is an apt general statement of its origin:

"The so-called 'family purpose doctrine,' which is applied in automobile cases, originated in the desire of the courts, as a matter of justice or supposed necessity, to charge one who had purchased a car for the use of his family, with responsibility for injury or damage resulting from its negligent operation by a member of his family. It was quite generally recognized that liability could not be based on the doctrine of master and servant, or principal and agent, as it had previously been applied. Owing, however, to the multitude of cases and the seeming injustice in allowing one so to purchase a car, turn it over to a member of his family, and thus make possible injury or damage to an innocent person, the principles of the law of master and servant and principal and agent were stretched by the courts in some jurisdictions, beyond their former limits, to include the so-called 'family pur-

pose doctrine,' whereunder liability is imposed where none before existed.

"Under this doctrine, when an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as a family car; that is, for the pleasure or convenience of the family or a member of it."

We have never held that the father is liable merely because he is the head of the family, but the one who owns, maintains, or provides the car for family use is liable for its negligent operation. In Steele v. Age's Adm'x, 233 Ky. 714, 26 S. W. (2d) 563, it was held that the family purpose doctrine was applicable to the mother where she, though married, owned the car and maintained it for general use, pleasure, and convenience of members of her family. In the present case the accident happened in May, 1936. The automobile driven by Robert McNamara had been purchased in the autumn of 1935 by his mother and paid for with her own funds. In December, 1935, the license for 1936 was issued to her and paid for by her. It was generally understood that the car could be used by each member of the family for his or her pleasure and convenience, but there is no evidence that the owner's husband was given or that he exercised any control over it other than the right to use it himself when he so desired. There was no conflict in the evidence as to the ownership of the car. After the accident the appellant wrote letters in which he referred to the car as "my car," but we attach no importance to this since Mrs. McNamara was admittedly the owner. She had an estate of her own, and the car was purchased and paid for by her and was licensed in her name.

Appellee argues that appellant maintained, at least in part, the automobile owned by Mrs. McNamara, and therefore is liable under the family purpose doctrine. The proof shows that appellant purchased part of the gasoline and paid some of the garage bills. Mrs. McNamara also purchased part of the gasoline and paid part of the cost of upkeep. It may be conceded that one who maintains an automobile for the pleasure and convenience of a family and grants permission for its use is liable under the family purpose doctrine though he

is not the owner, but he must either own or maintain the car, and, in addition, must have or exercise some degree of control. Since appellant had permission to use the car, it was only natural that he should pay part of the cost of operation and maintenance. There is neither proof that he assumed the cost of maintaining the car for the benefit of the other members of the family nor proof that he ever exercised control over it other than to drive it himself. Robert McNamara testified that he always got permission to drive the car from his mother, and did so on the occasion in question. In Smith v. Overstreet's Adm'r, 258 Ky. 781, 81 S. W. (2d) 571, 572, Mrs. Overstreet was struck and killed by an automobile driven by the infant daughter of Mr. and Mrs. Mark A. Smith. The automobile was owned by Mrs. Smith. A judgment for $15,000 against Mr. and Mrs. Smith was reversed as to the husband and affirmed as to the wife, the owner of the car. The court said:

"The automobile by which Mrs. Overstreet was killed was owned by Mrs. Dorothy A. Smith, and was driven at the time with her consent by her daughter, Billie Smith. Mark A. Smith had no control over this machine further than this, that Mrs. Smith respectfully deferred to his wishes regarding its operation. Mrs. Smith was liable for her daughter's negligent operation of it under the 'Family Purpose' doctrine, but her husband was not. We feel that the question of his responsibility is settled in Kentucky by the cases of Holland v. Goode, 188 Ky. 525, 222 S. W. 950, and Euster v. Vogel, 227 Ky. 735, 13 S. W. (2d) 1028."

The proof tending to show maintenance and control of the car by the husband was much stronger in the Overstreet case than in the instant case. We have examined the record in that case, and find the husband admitted he paid all the cost of maintenance, and sometimes granted permission to his daughter to use the car. In the present case it does not appear that Mrs. McNamara ever deferred to appellant's wishes regarding the operation of her car except that he had permission to drive it at his pleasure. It follows from what has been said that the trial court erred in overruling appellant's motion for a peremptory instruction to find for him.

The judgment is reversed for a new trial, and for further proceedings consistent herewith.