## Walker et al. v. Farley.

October 1, 1948.

G. E. Reams for appellant.

E. L. Morgan for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing in in part and affirming in part.

On Sunday afternoon, June 21, 1947, an automobile owned by Jesse Walker and driven by his son, Franklin Walker, struck the rear end of a truck driven by Earl Acuff and careened to the left into the path of a pick-up truck approaching from the opposite direction owned and driven by Bradley Farley. The Farley truck was badly damaged in the collision with the Walker car, and Farley brought an action against Jesse Walker, the

owner, and Franklin Walker, the driver, to recover $400, the alleged damages to his truck, and $150 for the loss of its use. The jury returned a verdict for the plaintiff against both of the defendants for $441, and each of the defendants has filed a motion for an appeal.

The accident occurred on the Catron Creek road in Harlan County while Farley was driving his truck on his right-hand side of the road at a moderate rate of speed. As he met the truck driven by Acuff, which was on its right-hand side of the road, the car driven by Franklin Walker ran into the left rear end of the Acuff truck, knocking it off the road. The rear end of the Walker car swung to the left and struck the front end of the Farley truck. There is a curve in the Catron Creek road at the point of the accident, and the Acuff truck entered the main road, which is paved, from a side dirt road. Franklin Walker testified that the Acuff truck came onto the main highway immediately in front of him, and that he was unable to avoid the collision. Acuff testified that he approached the intersection slowly, looked to the left, saw no car on the main highway, and entered the intersection. He could see an approaching car only 125 feet away on account of the curve. After he had proceeded about 40 feet on the main highway he heard the screaming of brakes behind him, and immediately thereafter his truck was struck from the rear and knocked off the road. Franklin Walker testified that he was traveling at a speed of 35 or 40 miles an hour around the curve, but had reduced his speed to 30 or 35 miles an hour at the time of the collision. Several witnesses fixed his speed at 50 miles an hour or more.

The action against Jesse Walker is based on the theory that he is liable under the family purpose doctrine. Beginning with Bradley v. Schmidt, 223 Ky. 784, 4 S. W. 2d 703, 57 A. L. R. 1100, we have uniformly held that the doctrine does not apply in the case of an adult child using his parent's car for his own purpose and pleasure unless he is living in the household of the parent as an object of his bounty and the parent is under a moral or legal obligation to support him. Rutherford v. Smith, 284 Ky. 592, 145 S. W. 2d 533; McNamara v. Prather, 277 Ky. 754, 127 S. W. 2d 160; Abell v. Whitehead, 266 Ky. 764, 99 S. W. 2d 770; Miracle v. Cavins, 254 Ky. 644, 72 S. W. 2d 25; Ludwig v. Johnson,

243 Ky. 533, 534,.49 S. W. 2d 347; Creaghead v. Hafele's Adm'r, 236 Ky. 250, 32 S. W. 2d 997; Malcolm v. Nunn, 226 Ky. 275, 10 S. W. 2d 817. In McNamara v. Prather, supra (277 Ky. 754, 127 S. W. 2d 161), the court said: "The family purpose doctrine has been definitely rejected by a number of courts, but this court is committed to the doctrine with certain limitations. For instance, a parent who owns, maintains, or provides an automobile for the pleasure or convenience of the family is not liable for its negligent use by an adult child whom the parent is under no legal or moral obligation to support."

It is admitted that Jesse Walker owned the car driven by his son, Franklin, but there is no proof that he maintained it as a family purpose car. The accident happened in June, 1947, and the trial was had in December, 1947. At the trial Franklin Walker testified that he was married and 21 years of age. His age at the time of the accident does not appear, and there is no proof that he was a member of his father's household. The evidence wholly fails to bring the case within the family purpose doctrine, and it follows that Jesse Walker's motion for a directed verdict in his favor should have been sustained.

Jesse Walker's motion for an appeal is sustained, the appeal granted, and the judgment as to him is reversed with directions to grant him a new trial.

As to Franklin Walker, the motion for an appeal is denied, and the judgment is affirmed.