H. C. FARMER et al., Appellants,

v.

Marie STIDHAM, Appellee.

Court of Appeals of Kentucky.

March 28, 1969.

**72**

Isaac Turner, Hyden, for appellants.

A. E. Cornett, Hyden, for appellee.

DAVIS, Commissioner.

H. C. Farmer and Roy Leddington, appellants, were unsuccessful plaintiffs in personal-injury actions against Marie Stidham, appellee. The suits were consolidated for trial, and this opinion will dispose of each claim.

Franklin Hence Stidham, son of Marie Stidham, and age twenty-three on the day of the accident, was driving an automobile registered in the name of Marie Stidham. It appears that Franklin recklessly drove the car off the road shortly after passing a vehicle in which the appellants were traveling. When the appellants came upon the scene of the accident, they undertook to raise the wrecked car off the pinned body of Franklin who was then still living. Their efforts were frustrated when the car burst into flames. Appellants sustained some burns from those flames, and it is those injuries for which they seek recovery. Franklin died as the result of injuries he received in the accident.

At the close of the evidence for the plaintiffs, the trial judge sustained defendant's motion for a directed verdict. The appellants challenge the propriety of that ruling insisting they were entitled to have their cases submitted to the jury.

In their complaints the plaintiff-appellants apparently sought to state a claim based upon the family-purpose doctrine. It was alleged in the complaints, and proven on trial, that Franklin Stidham, son of Marie, was a member of the United States Navy stationed at Norfolk, Virginia, at home on leave. While on this leave, he resided in the home of his parents and used at his own pleasure the automobile involved in the accident. The family-purpose doctrine does not apply as respects an adult son or daughter even though the adult is residing with the parents, unless there is a showing that the parents are under moral or legal obligations to support the adult. See United States Fidelity & Guaranty Company v. Hall, 237 Ky. 393, 35 S.W.2d 550, and Walker v. Farley, 308 Ky. 163, 213 S.W.2d 1016. Compare Carricato v. Carricato, Ky., 384 S.W.2d 85, in which we recognized that an emancipated daughter, although under twenty-one and living with her parents, was not within the purview of the family-purpose doctrine.

There was no allegation nor evidence to suggest that Franklin Hence Stidham was acting as the agent or servant of Marie Stidham. It is immaterial for our purposes whether Marie owned the bare legal title to the car which was bought and paid for by Franklin. Mere ownership of an automobile is not enough to impose liability on the owner for an accident brought about by the negligence of one operating the car with the owner's consent, absent certain exceptional circumstances not presented here. Corbin Fruit Company v. Decker, 252 Ky. 766, 68 S.W.2d 434; Wolford v. Scott Nickels Bus Company, Ky., 257 S.W.2d 594.

Since there was no predicate for Marie's liability except upon a derivative basis either by operation of the family-purpose doctrine or the rule of respondeat superior, and since the appellants failed to establish either of these bases, the trial court correctly directed a verdict in favor of Marie.

The judgments are affirmed in each case.

All concur.