**Jack G. RAY and Don A. Payton, Plaintiffs-Appellants,**

**v.**

**John PORTER and Cheryl B. Porter, Defendants-Appellees.**

**No. 71-1979.**

United States Court of Appeals, Sixth Circuit.

July 26, 1972.

---

Henry R. Wilhoit, Jr., Grayson, Ky. (Michael R. Dowling, Diederich & Hermansdorfer, Ashland, Ky., on the brief), for appellants.

David O. Welch, Ashland, Ky. (Gregory L. Monge, Caldwell, Vanantwerp, Welch & Hughes, Ashland, Ky., on the brief), for appellees.

Before WEICK, EDWARDS and KENT, Circuit Judges.

KENT, Circuit Judge.

Plaintiffs, in this diversity action, claim to have been seriously injured in a collision between an automobile owned by the defendant, John Porter, and operated by his wife, Cheryl B. Porter, and a motor vehicle occupied by the plaintiffs. (The parties will be referred to as in the Court below). The collision occurred in the State of Kentucky on July 2, 1968. The Porters are residents and citizens of the State of Kentucky, plaintiffs are citizens of the State of Maryland. This action was filed on June 23, 1970, with John Porter and Cheryl B. Porter as defendants. On defendants' motion the trial court dismissed the action on the ground that it was barred by the applicable Statute of Limitations of Kentucky, K.R.S. § 413.140(1) (a), which provides:

> "413.140[2516; 2517; 2553] Actions to be brought within one year.
>
> (1) The following actions shall be commenced within one year after the cause of action accrued:
>
> (a) An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice or servant."

The plaintiffs appeal from the dismissal of the action as to the defendant, John

Porter, urging that the Kentucky Statute of Limitations was tolled by the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 525, because as shown by an affidavit of the defendant, John Porter, he was in the military service of the United States from November 10, 1966, to July 23, 1969. During that time he was on active duty with the United States Army.

■ Under the provisions of the Soldiers' and Sailors' Civil Relief Act the period of active military service is excluded in computing the period of limitations provided for the bringing of any action by or against a member of the armed forces:

§ 525. *Statutes of limitations as affected by period of service*

The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax or assessment.

Clearly the quoted section of the Statute has no reference to the defendant, Cheryl B. Porter, and the action of the trial court in dismissing this case as to her is correct. From this action the plaintiffs take no appeal.

The plaintiffs in instituting an action against John Porter must necessarily rely upon the "family purpose doctrine" of the State of Kentucky which fixes liability for the negligent operation of an automobile used for "family purposes," without regard to the existence of any actual negligence on the part of such owner. That doctrine is clearly applicable in this case. Turner v. Hall's Adm'x., 252 S.W.2d 30 (Ky.1952); Richardson v. True, 259 S.W.2d 70 (Ky. 1953).

The defendant asserts, however, that the "family purpose doctrine" is one which creates "vicarious" liability and is derivative in nature, and that any statute which bars an action against the principal tortfeasor is therefor a bar to a suit against one who is vicariously liable because of ownership of the motor vehicle involved. This is the general rule applicable in an action against a principal for an agent's tortious conduct. 3 Am.Jur.2d § 339.

■ Some of the language in the decisions of the Court of Appeals for Kentucky suggests that the "family purpose doctrine" is based upon the relationship of principal and agent or master and servant. Turner v. Hall's Adm'x., 252 S.W.2d 30; Griffith v. Fannin, 306 Ky. 279, 206 S.W.2d 965 (1947). However, the Court of Appeals analyzed the "family purpose doctrine" in McNamara v. Prather, 277 Ky. 754, 127 S.W.2d 160 (1939), and described it as follows, at page 161:

"The so-called 'family purpose doctrine', which is applied in automobile cases, originated in the desire of the courts, as a matter of justice or supposed necessity, to charge one who had purchased a car for the use of his family, with responsibility for injury or damage resulting from its negligent operation by a member of his family. It was quite generally recognized that liability could not be based on the doctrine of master and servant, or principal and agent, as it had previously been applied. Owing, however, to the multitude of cases and the seeming injustice in allowing one so to purchase a car, turn it over to a member of his family, and thus make possible injury or damage to an innocent person, the principles of the law of

master and servant and principal and agent were stretched by the courts in some jurisdictions, beyond their former limits, to include the so-called 'family purpose doctrine,' whereunder liability is imposed where none before existed."

With this analysis of the "family purpose doctrine" by the Kentucky courts we cannot say that the general rules relating to the applicability of Statute of Limitations in suits against a master or principal are applicable in a suit against an owner, made liable by the "family purpose doctrine."

While we recognize that there may be a similarity between the master and servant or principal and agent rule, and the rule applicable to an action of this nature, we must consider also the purpose of the Soldiers' and Sailors' Civil Relief Act, recognizing that under Kentucky law the person primarily liable under the "family purpose doctrine" is not an essential party in a suit by an injured person. Gray v. Golden, 301 Ky. 477, 192 S.W.2d 371 (1946); McNamara v. Prather, 277 Ky. 754, 127 S.W.2d 160 (1939).

The Soldiers' and Sailors' Civil Relief Act was adopted by the Congress to protect the rights of individuals in the military service of the United States, and also to protect the rights of individuals having causes of actions against members of the Armed Forces of the United States. Stewart v. Kahn, 11 Wall. 493, 78 U.S. [176], 20 L.Ed. 176 (1871); Wolf v. C. I. R., 264 F. 2d 82 (3rd Cir. 1959); Thompson v. Reedman, 201 F.Supp. 837 (E.D.Pa. 1961); Zitomer v. Holdsworth, 178 F. Supp. 504 (E.D.Pa.1959). As stated by the Court of Appeals for the Third Circuit in Wolf v. C. I. R., at pages 87 and 88 of 264 F.2d:

[10] Section 205 of the Soldiers' and Sailors' Civil Relief Act, as amended, provides for a tolling of statutes of limitations "by or against any person in military service" during his or her period of military duty. It applies whether or not the cause of action accrued prior to or during the period of service. Unlike Section 201, which has been held to grant to the courts discretionary authority to stay proceedings where military service affects the conduct thereof, Section 205 is mandatory in nature and has been so interpreted. (Footnotes omitted.)

The District Judge in Zitomer v. Holdsworth, 178 F.Supp. 504 (E.D.Pa. 1959), in applying the Soldiers' and Sailors' Civil Relief Act said at pages 505, 506:

[1] Section 525 has been construed to mean what it says; and Courts have consistently held that in an action against a serviceman a statute of limitations otherwise applicable has, by virtue of § 525, been tolled during the period of military service. Bowles v. Dixie Cab Association, D.C.D.C. 1953, 113 F.Supp. 324; Blazejowski v. Stadnicki, 1944, 317 Mass. 352, 58 N. E.2d 164; Warinner v. Nugent, 1951, 362 Mo. 233, 240 S.W.2d 941, 26 A.L. R.2d 278, annotated at page 286; Campbell v. Rockefeller, 1948, 134 Conn. 585, 59 A.2d 524; Hurwitch, by Goldberg v. Adams, 52 Del. 247, 155 A.2d 591.

The defendant argues that the Soldiers' and Sailors' Civil Relief Act is inapplicable to the instant case because, even though defendant was in military service and stationed outside of Pennsylvania, he was nevertheless subject to service under the Non-Resident Motorist Act of Pennsylvania. Act of May 14, 1929, P.L.1721, § 1, 75 P.S. § 1201. From this, defendant argues that no reason exists to toll the statute in favor of plaintiff who has delayed pressing his demand beyond the statutory period. Defendant points out that Courts which have held that § 525 of the Act tolled the statute of limitations did not give consideration to the effect which non-resident service statutes might have upon § 525, if indeed the jurisdictions involved had such statutes. The point is not significant. In Blazejowski, the

serviceman was stationed in the State of Massachusetts and was subject to personal service in that state. Yet the Court held that § 525 tolled the statute. Availability or nonavailability for service had nothing to do with the result. The Court recognized that the critical factor which brings § 525 into play is that of military service. When that circumstance is shown, the period of limitations is automatically tolled for the duration of that service.

Thus it is apparent that the Soldiers' and Sailors' Civil Relief Act means exactly what it says, "The period of military service shall not be included."

█ Since, as pointed out in this opinion the operator of the car, Cheryl B. Porter, was not an essential party to an action under the laws of the State of Kentucky there exists no reason why the defendant should be protected by a statute of limitations of which his wife was able to take advantage. The Soldiers' and Sailors' Civil Relief Act is preemptive in nature and makes the Kentucky Statute of Limitations inapplicable to the action by the plaintiffs against the defendant, John Porter.

The judgment of the trial court is reversed and the case is remanded for further proceedings.