## Major v. Rudolph.

(Decided January 28, 1927.)

### Appeal from McCracken Circuit Court.

1. Highways—Amended Answer, Alleging Contributory Negligence of Switchman on Engine Colliding with Automobile and Instruction Thereon, Held Justified by Evidence.—Evidence in action for injuries to railroad employee in collision with automobile at crossing while riding on rear of backing engine held to justify court in permitting amended answer alleging contributory negligence and giving instruction thereon; such question being for jury.

2. Negligence—Choosing Wrong Method of Avoiding Injury in Emergency is Not "Contributory Negligence."—One required to act immediately on being placed suddenly in a position of peril by another's negligence should not be denied recovery on the ground of contributory negligence because he chooses the wrong method of avoiding injury.

3. Trial—Court Need Not Instruct on Any Theory in Civil Action Without Request by Party.—In a civil action, it is not the trial court's duty to instruct on any theory or phase of the case, unless an instruction thereon is offered by a party.

4. Trial—Plaintiff Must Offer Instruction on Theory Avoiding Defense of Contributory Negligence, or Ask Appropriate Modification of Defendant's Instruction Thereon.—Where the court gave defendant's instruction on contributory negligence, which was correct so far as it went, but made no reference to any facts in evidence avoiding such defense, it was incumbent on plaintiff to offer a separate instruction on, or ask the court to so modify defendant's instruction as to give plaintiff the benefit of, his theory in avoidance thereof.

5. Highways—Evidence Held to Justify Instruction on Contributory Negligence in Emergency, Where Automobile Injured Switchman on Locomotive.—Evidence, in action for injuries to railroad employee in collision with defendant's automobile at crossing while riding on rear of backing engine, held to justify instructions, if asked, submitting plaintiff's theory, in avoidance of defense of contributory negligence, that he chose wrong method of avoiding injury in emergency requiring immediate action.

6. Trial—Defendant Need Not Cover Facts Avoiding Defense of Contributory Negligence in His Instruction Thereon.—It is not defendant's duty to cover facts in avoidance of defense of contributory negligence in his instruction thereon.

WHEELER & HUGHES for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

This is a somewhat unusual grade crossing case.

Appellant was the assistant yard foreman in the Illinois Central yards at Paducah. While he with two other yard employees was riding on the footboard or platform of an engine that was backing in the yards, they at the time being in front of the engine as it backed, there was a collision at a grade crossing with an automobile driven by appellant's wife and owned by him, in which collision appellant was injured.

In this action by the yard foreman against the owner of the car for damages, it is alleged in substance by the plaintiff that the collision and his resulting injuries were brought about solely by the careless and negligent manner in which the defendant's agent at the time was driving and controlling the automobile so driven by her.

The original answer was merely a traverse, but after all the evidence had been given on the trial defendant tendered an amended answer relying upon the defense of contributory negligence, which, over the plaintiff's objection, the court permitted to be filed. Then the court submitted the customary instruction on contributory negligence as offered by defendant, and the jury returned a verdict for the defendant, and from a judgment thereon this appeal is prosecuted by the plaintiff.

The evidence showed that the engine was backing slowly, at the rate of from three to five miles an hour, in the yards toward the intersection with Harrison street; that the plaintiff and two others were on the platform

in the rear of the engine, but at its front as it backed, and that appellant was in the center of the platform and the other two employees on either side of him thereon; that as the engine approached the intersection there were a number of empty cars on a track to the east of the track upon which the engine was moving, and shut off the view of the moving engine from one approaching the intersection of the highway from the east, but there is evidence that over the top of such empty cars so standing on the other track one might have seen the top of the engine over them; that the plaintiff and his two associates on the platform when they reached a point in the clear from the obstruction by the cars on the other track saw the automobile approaching from the east from seventy to one hundred and twenty feet from the crossing, and running at a rate of speed of from thirty to forty miles an hour, and that it appeared a collision between the engine and the approaching automobile at the crossing was imminent; that the two other employees on the platform in order to avoid such prospective collision stepped off of the slowly moving engine, and did in fact avoid any danger from the collision, while plaintiff remained upon the platform and was injured in the collision which did occur at the crossing. There was a watchman at the crossing, and the evidence is somewhat conflicting as to whether he gave the driver of the automobile timely warning of the approach of the engine, and there is evidence showing that the automobile skidded before reaching the track, for a distance of from 35 to 75 feet, indicating the driver was attempting to stop the machine, and the driver states that she was driving at the time only about 18 to 20 miles an hour.

The grounds of reversal are: (1) That the court erred in submitting the question of contributory negligence, and (2) if it was properly submitted, the court then erred in not telling the jury in substance that if the plaintiff had been placed in sudden peril by the negligence of the defendant, and was thereby compelled to choose immediately in the face of such imminent peril what action he should take to avoid the same, that even if he did in such emergency take the wrong step to avoid it, the jury should not find against him on the ground of his contributory negligence.

On the first proposition the only inquiry is whether the evidence authorized the filing of the amendment, or the giving of the instruction on contributory negligence.

That evidence shows that two other persons situated in the same position practically as was the plaintiff, saw the impending danger of the collision at about the same time he did, and that they experienced no difficulty in stepping from the slowly moving engine, one off one side and one off the other, and thereby avoiding injury, while it shows that plaintiff practically had the same opportunity to avoid the collision and did not take advantage of it. It may be that he was not so favorably situated on the platform as either of the other two to take advantage of this opportunity, but under the evidence the whole situation was for the jury to determine, and we think that this evidence justified the court in permitting the amendment and giving the instruction.

Clearly appellant's contention is right that where one is placed suddenly in a position of peril by the negligence of another he should not be denied a recovery upon the ground of his contributory negligence, where in such emergency so brought about he is required to act immediately, even if he does in such emergency choose the wrong method of avoiding such injury, in the light of subsequent events. But in a civil action it is not the duty of a trial court to instruct upon any theory or phase of the case unless an instruction on that phase or theory is offered by a party. The instruction on contributory negligence aptly and concisely presented the theory of the defendant and was entirely proper and correct in so far as it went. It purported only to present the defendant's theory and what the defendant relied upon in his affirmative defense of contributory negligence, and made no reference whatsoever to any facts in evidence which might constitute an avoidance of that defense. In this situation, therefore, it appears to have been incumbent upon the plaintiff to either offer a separate instruction upon his theory in avoidance of that defense, or to ask the court to so modify the defendant's instruction as to give the plaintiff the benefit of that theory.

We are convinced that the evidence justified the submission in some form of this theory of the plaintiff in the instructions, if he had asked it, for it tended to show that the driver of the automobile was approaching that grade crossing in a railroad yard where trains passed many times a day, at a high rate of speed, and approached it, as she says, when there was an obstruction which pre-

vented her from seeing the approach of that engine until it neared the crossing.

But, however much such an instruction would have been justified, it was not the duty of the defendant to embrace that idea in its instruction on contributory negligence, nor was it the duty of the court to submit that phase of the case for the plaintiff until the plaintiff offered or asked for an instruction on that subject.

Although the contributory negligence relied upon by defendant is intimately connected with the facts in avoidance thereof now relied upon by plaintiff, they really represent two different and distinct phases of the case, and the duty devolved upon each party to present to the court his view based upon the evidence upon which he relied. It was the duty of the defendant to offer an instruction covering his affirmative defense of contributory negligence, which he did, and then it was the duty of plaintiff to offer one covering the avoidance of that plea upon which he relied, but which he did not. It neither devolved upon defendant in his instruction to cover the facts in avoidance nor the court to give such an instruction until one on that subject was offered. C., N. O. & T. P. R. Co. v. Martin, 146 Ky. 260; Henry Clay Fire Ins. Co. v. Barkley, 160 Ky. 153.

Judgment affirmed.