### Louisville Taxicab & Transfer Company v. Ramey.

(Decided May 24, 1927.)

(As Modified January 20, 1928.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Damages.—In action for damages to Ford coupe purchased by plaintiff for $300, where evidence of mechanics showed that coupe could be repaired for $119 or $129, verdict of $300 was excessive.

2. Damages.—In action for damages to Ford coupe, struck by taxicab while parked, court correctly fixed measure of damages at difference in market value of car immediately before and immediately after collision.

3. Municipal Corporations.—In action for damages to Ford coupe struck by taxicab, while parked, to avoid head-on collision with another car, jury should be instructed that driver of taxicab is not liable if he was placed in position of imminent danger, real or reasonably apparent, by approaching car and damaged plaintiff's car while operating taxicab as reasonably prudent man to avoid danger.

ROBERT L. PAGE for appellant.

HARRY N. LUKINS and LUKINS & JONES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Leon Ramey recovered judgment against the Louisville Taxicab & Transfer Company in the sum of $300 for damages to a Ford coupe, and the company has entered motion for an appeal.

The record shows that on the night of October 16, 1925, appellant's taxicab ran into appellee's Ford coupe, which was parked on the street in front of his residence.

The driver of the taxi and a man who was standing at a nearby intersection were the only eyewitnesses. Both of these testify that it was a dark rainy night and the streets were slippery; there were no lights on the coupe; the taxi was going north on the right side of the center of the street at a reasonable rate of speed. As the taxi reached a point within about 30 feet of the coupe, a machine coming south at a high rate of speed turned in front of the taxi, and in order to avoid a head-on collision the driver turned to the right and ran into the Ford coupe. The driver states that he was within 15 feet of it at the time he first observed it and it was then too late to stop his car. After the accident the driver went into the residence and told appellee and his father what had occurred, as they say admitting at the time that he was driving rather fast. They went out and examined the car, which according to appellee's witnesses was driven about 20 feet and practically demolished. The coupe was a 1923 model, the value of which is shown to be about $325. Appellee had purchased it for $300 and had run it for several weeks. After the collision he placed it in a garage for storage and agreed with the proprietor to sell it for $25. The proprietor states that this is all he thinks it is worth; that it could not be repaired, and its only value is as junk. On the other hand, appellant introduced two reputable mechanics who were conducting repair shops, each of whom testified that he had carefully examined the machine for the purpose of making an estimate of the cost of repairs. One of these submitted an itemized list of the repairs and agreed to restore it to as good condition as it was before the collision, fixing the cost at $129, and made a written proposal to repair it for that figure, and reiterated this proposition on the witness stand. The estimate of the other was $119. Appellee's witness had made no estimate as to the cost of repair and admits that he reached his conclusion that the car was not worth repairing from its general appearance, while the other two witnesses made a careful examination of its condition and estimated the cost of repairs and bid for the work upon it. The court correctly fixed the measure of damages at the difference in the market value of the car immediately before and immediately after the collision. It will be observed that the above witnesses testifying on this point adopted different methods of fixing the damage, but all the testimony was directed to the same end and is therefore competent.

When so considered the verdict is plainly excessive, and for this reason the case should be reversed.

Objection is also made to the form of instruction No. 2, and, as it does not altogether meet our approval, on another trial it will be worded thus:

> "Although you may believe from the evidence that the plaintiff's car was damaged in the collision with defendant's taxicab, yet if you further believe from the evidence that at said time and place the defendant's driver, while exercising ordinary care in the operation of the taxicab, was suddenly and unexpectedly confronted by an approaching car, and thereby placed in imminent danger of great bodily harm, real or to him reasonably apparent, then he had the right to operate his taxicab in such a manner as a reasonably prudent man would have done under similar circumstances to avoid such danger, if any, considering traffic conditions upon the street at the time; and if under such conditions he did so operate said taxicab and in so doing ran upon and damaged plaintiff's car, the defendant is not liable therefor."

The court sustained an objection to any testimony tending to show that if the Ford coupe had been lighted the damage might have been averted. Appellant made a proper avowal of this testimony and offered to file an amended answer pleading contributory negligence. On another trial the court will permit the amended answer to be filed. We do not now express an opinion as to whether the evidence will authorize an instruction on that point.

Wherefore an appeal is granted, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.