# Hendricks v. Sphire.
## Askins v. Same.
## Miller v. Same.

March 22, 1940.

George K. Holbert, Judge.

P. M. Basham for appellant.

A. Murray Beard and Lukins & Jones for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The above captioned appeals are from three separately instituted actions, tried together, in which the Court, at the conclusion of the testimony offered on behalf of appellants, directed the jury to return verdicts in favor of the appellee. In the first of them, damages were sought for the death of Zeno C. Hendricks, Jr., who was killed on the night of January 14, 1939, through the wrecking of an automobile driven by one Robert C. Jackson, in which the appellants, Bernard Askins and Matthias Miller were also riding and received injuries. The accident was caused by the recklessness of Jackson who lost control of the car while driving it at a speed of from 75 to 85 miles an hour; and the appellee, Mosa Sphire, who had borrowed the car from his sister but was not in it at the time it was wrecked, was sought to be held liable under the doctrine of respondeat superior. To determine whether Jackson was in fact the agent of appellee at the time of the accident and driving the car on his business requires a summary of the testimony bearing on that question.

During the afternoon of January 14th, Jackson and the appellee, Mosa Sphire, called upon Sphire's sister, who, at Sphire's request, loaned him her car for the remainder of the afternoon and night. The two young

men in company with a young woman drove to Hawesville, and, after stopping at a pool room and purchasing a half pint of whiskey and engaging in a game of pool, drove on to the Colonial Inn which is located on the road to Owensboro. There they met other young women from Hawesville, and with them drove to Cloverport where they visited a restaurant and road house known as Twin Gables. At the latter place Jackson approached the appellant Askins, who was sitting at a table, and asked him if he had any whiskey. On being informed that Askins had none, Jackson asked where he could get whiskey and Askins volunteered to show him. Jackson borrowed the keys of the car from Sphire, and on leaving the building with Askins, called to Hendricks and the appellant Miller, who were standing outside, and asked if they wanted to join him. Jackson, Hendricks, Askins, and Miller then got into the car which Jackson drove rapidly toward Hawesville. After rounding a curve, the car left the road, struck a culvert, and turned over.

Jackson, who was sued as a co-defendant with Sphire, testified that at the time he asked Askins if he had any whiskey, he informed him that he and Mosa wanted it, and that "it was for our party", and that after his conversation with Askins he went to where Sphire was sitting, informed him of what Askins had said, and asked Sphire for the keys to the car:

"I either asked Mosa to come and we would go together, or either I said, 'Let me have the key and I will go'. I do not remember, anyway, I did get the key from him with his permission."

And again:

"I told him what we were going for but I do not remember telling him where I was going."

Sphire, introduced as a witness by the appellants, testified concerning the borrowing of the car by Jackson as follows:

"A. He came up to me and said, 'Mosa, let me have the keys to the car. I want to get some whiskey.' I said, 'We don't need any whiskey.' I said, 'Who wants it'. He said, 'Zeno and him wants to get some whiskey'.

"Q. But you knew he was going after whiskey? A. Yes sir, I knew he borrowed the car for that purpose.

"Q. Were you to get part of the whiskey? A. No sir.

"Q. You were not in on it at all? A. No sir."

It is earnestly insisted by appellants that the foregoing testimony constituted at least a scintilla of evidence that Jackson at the time of the fatal accident was driving the car as appellee's agent and upon the appellee's business. It is true that Jackson answered "Yes sir" to the leading question "And you were going after that whiskey for yourself and Mosa Sphire?" but there is no testimony in the record that Sphire directed Jackson to purchase or go after whiskey or that Sphire actually paid for any part of it. Jackson's testimony, for aught the record shows to the contrary, was merely expressive of his, and not Sphire's intentions. Jackson may have intended to give Sphire part of the whiskey, or to have collected all or part of the purchase price from him, but the testimony shows only Jackson's intentions and conclusions as distinguished from Sphire's words and acts. It falls far short of showing that at the time of the accident Jackson was driving the car as Sphire's agent or upon his business. The mere fact that he loaned the car to Jackson in order that Jackson might procure whiskey which it was intended would be offered to Sphire is not sufficient to render him liable for Jackson's negligence.

Judgment affirmed.