## Feck's Adm'r v. Bell Line, Inc., et al.

Nov. 1, 1940.

Joseph J. Hancock, Judge.

Trabue, Doolan, Helm & Stites, Harris W. Coleman and Raymond Stephenson for appellant.

Davis, Boehl, Viser & Marcus for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Herman Feck, the appellant's decedent, was fatally injured when a tractor-trailer truck he was driving collided with the rear of a tractor-trailer truck operated by the appellee, the accident occurring on Highway 52 about 65 miles northeast of Indianapolis, Indiana, while these trucks were en route to Louisville. The accident happened about 11:30 at night on a long, straight stretch of level concrete highway. In an action by the appellant for the wrongful death of his decedent, the jury found for the appellee, and on this appeal two grounds for reversal are urged: 1) That the verdict was flagrantly against the evidence and 2) that the trial

court committed error in failing to modify the contributory negligence instruction as requested by appellant.

Feck was alone in the truck at the time he met his fatal injuries and the material evidence in behalf of appellant was largely furnished by a truck driver immediately in the rear of Feck's truck. This evidence was to the effect that appellee's truck had no lights on it as required by the Indiana law, except headlights, and that it came to a stop on the concrete highway without putting out flares, as required by the Indiana law, and that while so parked the truck driven by Feck crashed into the rear of it. This witness testified that Feck was operating the truck at a speed of about 25 to 35 miles per hour and that at the time of the collision a car was approaching from the opposite direction, such evidence being offered, of course, to indicate that Feck could not have been pulled out to the left of appellee's truck to avoid the collision. Other evidence tended to substantiate certain portions of this witness' testimony, but in the main it was the material evidence in the case for appellant.

Evidence for the appellee, given by the driver and another employee in the truck, was to the effect that the truck was properly equipped with all lights required by the Indiana law and that it did not come to a stop on the highway but had partially been pulled off the right side of the highway on to the shoulder and was moving at a speed of approximately 12 to 15 miles per hour preparatory to stopping when Feck's truck crashed into its rear. These witnesses testified that before slowing down and pulling to the right of the road the driver blinked his lights several times, which was the customary signal among truck drivers that the truck was preparing to stop. Appellee introduced evidence to the effect that the truck driven by Feck had a hydraulic brake on the tractor and a vacuum brake on the trailer, the trailer brake being operated by the use of a hand control lever located on the steering column, and that when the brakes on the trailer were applied the hand control on the column would be in a position described as "up" and would remain "up" until released by the operator; that after the accident the hand control was down, indicating that the brake on the trailer had not been applied by Feck before the accident. The evidence disclosed also that there were no skid marks behind

the Feck truck, another indication that the brakes had not been applied. Appellee introduced evidence also to the effect that the deceased's truck was being operated at a speed of 45 miles per hour or more. The evidence on both sides tended to show that the sides of both trucks were perfectly parallel, or in line with each other, after the accident and that the truck driven by Feck crashed directly into the rear of appellee's truck, indicating no attempt on Feck's part to pull either to the right or to the left to avoid the collision.

We find no merit whatever in the contention that the verdict was flagrantly against the evidence. If the jury believed the testimony of appellee's witnesses, they were amply justified in finding that the driver of appellee's truck was not guilty of any negligence whatever. Further, the evidence was sufficient to justify the jury in finding that Feck was guilty of contributory negligence such as to defeat recovery even though the jury believed that appellee's driver was guilty of negligence. There was much conflict in the evidence on the material points in the case and this was peculiarly a case which it was the province of the jury to decide.

It is the second contention of appellant that the trial court should have modified the instruction on contributory negligence by the following instruction offered by him, namely:

> "III. The deceased, Feck, was under no duty to anticipate the negligent act or acts, if any, of the defendants or others using the highway, and even should you believe from the evidence that the deceased, Feck, failed in one or more of the duties with which he was charged by the Court's instructions, yet, if you further believe from the evidence that the deceased, Feck, was placed in a position of danger, by the negligent act or acts of the defendants or others using the highway at the time and place of this collision which position required immediate and rapid action, without time to deliberate, then the deceased, Feck, in that event need only have acted with such care and judgment as may be reasonably expected of a person of ordinary prudence placed in such a position of danger."

It is conceded by respective parties that the case was triable under the Indiana law and the applicable Indi-

ana statutes and common law were pleaded and stipulated. It is further indicated in the briefs that this court has largely placed the same construction as the Indiana court on negligence cases of this character.

Appellant cites the cases of Owen Motor Freight Lines v. Russell's Adm'r, 260 Ky. 795, 86 S. W. (2d) 708; Major v. Rudolph, 218 Ky. 1, 290 S. W. 688, and other cases of a similar import, which establish the rule that where one is confronted with a sudden emergency, not caused by his own tortious conduct, so that he is thereby required to make a rapid decision between alternative courses of conduct in order to extricate himself from peril, the fact that he adopts what might be considered the wrong alternative, in the light of subsequent events, does not necessarily mean that he was negligent in so doing. Most of the cases in which the sudden emergency rule is discussed are those in which it was contended that the injured person was guilty of contributory negligence as a matter of law in adopting some apparently foolish or dangerous course in the attempt to extricate himself from a peril when confronted by a sudden emergency. However, in Major v. Rudolph, supra, the propriety of an instruction on sudden emergency was discussed. There the plaintiff and two other switchmen were standing on the pilot of an engine moving across a street intersection and the defendant negligetly drove his automobile on to the track causing it to collide with the train and injuring the plaintiff. The train was moving slowly and the other two switchmen stepped off and were unhurt. The court indicated that the plaintiff would have been entitled to a modification of the contributory negligence instruction in accord with the sudden emergency rule if such an instruction had been requested, which was not done. The evidence disclosed that the plaintiff had the same opportunity to avoid his injuries as the two brakemen who jumped from the train but did not take advantage of it. A situation was presented by the evidence in which the jury might conclude, in the light of subsequent events, that the plaintiff foolishly remained where he was instead of jumping—yet his actions should not have been considered in the light of subsequent events but in the light of the sudden emergency with which he was confronted.

Appellant also cites in support of its contention the

Indiana case of Cole Motor Car Co. v. Ludorff, 61 Ind. App. 119, 111 N. E. 447, 450. There the plaintiff appellee was struck by the defendant's car while crossing a street, the defendant being guilty of negligence. She was about 8 feet from the sidewalk when the automobile came suddenly upon her and she became bewildered and uncertain as to what to do and before she did anything was struck by the automobile. The trial court gave the usual ordinary care instruction and qualified it with this language "the law does not hold a person who is faced with a sudden danger to the same degree of judgment and presence of mind as would otherwise be required of him under circumstances not indicating sudden peril." The Indiana Court of Appeals, after stating the general sudden emergency rule, held that no error was committed by the trial court in qualifying the ordinary care instruction in the manner indicated.

It is not in every accident case however, that an instruction of the character contended for should be given nor do we take it that either the Indiana case or the Kentucky case of Major v. Rudolph, supra, so holds. As a matter of fact it might be said that most persons injured in accidents are confronted with a sudden peril, otherwise, as a rule, there would be no injury since, if the peril were not sudden, the injured party would ordinarily have time to avoid it. It appears to us that a qualifying instruction of the character contended for is necessary, and that the sudden emergency rule applies, only where the evidence discloses that *one became aware of an emergency* and was put to a rapid choice of alternative courses of action in order to avoid the accident and the jury, in the state of the evidence, and in the light of subsequent events, might reach the conclusion that the course of action adopted was an unwise one. In such circumstances it sometimes becomes necessary to qualify the usual instructions by an instruction defining the right of one confronted by such an emergency. Louisville Taxicab & Transfer Co. v. Ramey, 222 Ky. 286, 300 S. W. 890; Major v. Rudolph, supra. But in the Indiana case the woman who was injured discovered the peril in which she was placed and by reason of the fright and confusion caused by this peril apparently made no attempt to avoid it—the alternative course of conduct chosen by her was to stand where she was; and in Major v. Rudolph, supra, the brakeman discovered

294

his peril and, when confronted with the emergency requiring a rapid decision as to his course of conduct, adopted the course of remaining where he was, a course that in the light of subsequent events appeared to be the wrong one. In both cases the jury might well have concluded that the injured party chose the unwise course, hence the qualifying instruction was necessary.

In the instant case there is nothing in the evidence to indicate that the deceased, Feck, ever realized that he, was confronted with a sudden peril or emergency. As far as the evidence goes he may not have seen the truck with which he collided. The evidence wholly fails to show that he became aware of an emergency such as to put him to a rapid choice between two or more courses of action in order to avoid the collision, and this being true it appears to us that there was no probability of the jury believing that he pursued an unwise or negligent course in attempting to avoid injury. We reach the conclusion that in the circumstances disclosed by the evidence the ordinary contributory negligence instruction, when considered in connection with the ordinary care instruction, was sufficient and that the trial court committed no error in refusing to modify it as requested by the appellant.

Judgment affirmed.