## Southern Ry. Co. in Kentucky v. Lyen.

March 6, 1942.

Edward P. Humphrey and Todd & Beard for appellant.

Stanley Trent for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellee, a sixty-nine year old physician, recovered a verdict of $1,000 against appellant for pain and suffering, loss of time, and damages to his automobile resulting from a collision between one of appellant's freight trains and the automobile at a public road crossing in Anderson County in the vicinity of Lawrenceburg, where he resided. The accident occurred on November 2, 1939, about 1:30 o'clock P. M., and was caused, according to the testimony of appellee and several of his witnesses, by the failure of the train to signal its approach to the crossing, which was so situated with reference to

the fill, adjacent shrubbery, and other objects, that appellee could not have seen the approaching train until he was within approximately fifty feet of the crossing. According to the appellee, he was driving his automobile at a speed of approximately fifteen miles an hour when he first saw the train which was traveling at a speed of from twenty to twenty-five miles an hour. Asked what he did when he first saw the train, he replied:

"I tried to stop the car, I might not have gotten at it at the instant, the thing frightened me very much."

Asked why he was unable to stop, he answered:

"When I approached the tracks, being a new road, and covered with gravel and small stone, and my wheels skidded on that rolling stone, and I tried to stop but my car skidded up on the tracks   *   *   *."

In his deposition which was made part of the evidence on the trial, he testified:

"Q. When you hit the train you were going about fifteen or twenty miles? A. I would say fifteen.

"Q. What did you do when you got to a point where you could see down the track from the direction the train was coming? A. I didn't get to that point. When I first saw the train I just got a glimpse of the smoke stack.

"Q. How far were you then? A. About forty feet.

"Q. What did you do then? A. I slammed my brakes on. I first had a thought of crossing but I saw I couldn't."

It should be added that appellee had previously lost the sight of his right eye; that he knew of the existence of the crossing and of its physical surroundings; and that the automobile which he was driving was a 1939 model equipped with hydraulic brakes in perfect condition. We shall not further dwell upon the facts disclosed by the testimony offered in behalf of the appellee, since those stated are sufficiently harmonious with those contended for by appellee to enable us in the light of the testimony offered by the appellant to determine the

merits of the sole ground urged for a reversal, namely, that appellee was guilty of contributory negligence as a matter of law after he saw the approaching train in not bringing his car to a stop before it reached the tracks; and that accordingly appellant was entitled to a directed verdict at the conclusion of all the testimony.

The factual basis of appellant's contention is the uncontradicted testimony given by the automobile experts, Philip Longest and C. W. Munz, that appellee's car going at fifteen miles an hour could have been stopped within sixteen feet. In fact, they testified that they were able to stop a car similarly equipped and actually tested by them on the road in question within nine feet after the brakes were applied, and that the average driver would require about five feet additional.

Summarized, the legal propositions on which appellant relies are that one who knows of the approach of a train, and with that knowledge voluntarily proceeds across the tracks in front of it, is contributorily negligent and barred from a recovery for the injuries thereby sustained, even though the operators of the train were negligent. In applying these principles, the appellant cites the case of Missouri Pacific R. Co. et al. v. Moore, 199 Ark. 1035, 138 S. W. (2d) 384, in which the Supreme Court of Arkansas held that a plaintiff approaching a crossing at a speed of fifteen miles an hour in an automobile equipped with good brakes, and who discovered an approaching train fifty feet before he got to the crossing, was guilty of contributory negligence as a matter of law because a car equipped with good brakes and traveling at a rate of fifteen miles an hour could be stopped in less than fifty feet. But while the principles of law relied on are established by many Kentucky decisions, we are unwilling to apply them as did the Arkansas Court since we do not deem the failure to do the utmost that one might conceivably do in order to escape injury from a dangerous instrumentality with which he is suddenly confronted as conclusive proof that he failed to exercise ordinary care to avoid the injury.

It is not charged that appellee was guilty of contributory negligence prior to the time he became aware of the approaching train. The uncontradicted testimony shows that he knew of the existence of the crossing and slackened the speed of his car prior to reaching the point from which a train approaching the crossing was visible.

There was sufficient evidence, and it is not contended otherwise, to take the case to the jury on the issue of whether or not the train gave the required statutory warnings of its approach, and we are unwilling to say that, confronted with the emergency presented by the unheralded approach of the train which would collide with his car at a crossing fifty feet distant therefrom unless he was able to stop his car within that distance, the appellee was guilty of contributory negligence because he failed to apply his brakes on the instant. A hesitation of a few seconds caused by panic would have carried the car a considerable distance, and the condition of the road might have prevented the stopping of the car within the remaining distance to the crossing. We do mean to say that the evidence shows that the appellant was not guilty of contributory negligence, but, merely, that it fails to establish conclusively that he was, and hence the Court properly submitted that issue to the jury for its determination.

Judgment affirmed.