## Griffith v. Fannin et al.

November 14, 1947.

Jim Sowards, Judge.

Leonard C. Fielder and Davis M. Howerton for appellant.

John W. McKenzie and Dysard & Dysard for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

Appellant was a passenger on a bus owned by appellee Fannin and operated by his agent, appellee Lantz. He was injured when the bus collided with an automobile owned by appellee Mourer and operated by one Smallwood. At the conclusion of appellant's evidence, the trial Court directed a verdict for the three appellees. The only issue on this appeal is the propriety of such action.

The collision between the two vehicles took place May 8, 1945, on U. S. Highway 23 between Ashland and Greenup. This highway is hard surfaced, approximately 17 feet wide, and the scene of the accident was east of a slight curve to the north. The bus was proceeding west, the automobile east. It is undisputed that the automobile pulled over onto the wrong side of the highway and struck the bus at the left front end. At the time of the collision the bus driver had maneuvered the bus as far as he could over to the right hand side of the road. Admittedly the primary cause of the collision was the improper operation of the automobile.

The liability of the bus owner and its driver, if any, rests solely on the application of the "last clear chance" doctrine. The liability of the owner of the automobile, who was not present at the time, could only be based upon agency and a requested extension of the "family purpose" doctrine.

The bus driver testified that he first saw the automobile when it was 250 or 300 feet away. When he first saw it "it was playing around in the road quite a bit." He further stated: "he (the automobile driver) started to slow down and he kind of straightened out and I thought he had control and I started on, and he went into another zigzag and I pulled the bus to the side of

the road, and he got to within ten or fifteen feet of the bus and shot into me." He also stated he could have stopped within a distance of 30 feet "if a fellow knows he is hitting those hazards."

Appellant testified he saw the automobile come around a parked truck and "he came out and never got control of his car again." Appellant further stated that the bus was moving at 20 to 25 miles an hour, and that the brakes were not applied until the moment of collision.

Another passenger in the bus testified that the automobile was "zigzagging across the highway" and she knew that the automobile driver "had lost control or something was wrong." There is testimony to the effect that the bus was slowing down prior to the collision, and it stopped immediately at the time of the impact. No one disputes that then the bus was as far over on the right hand side as it could get without going in the ditch, and was almost completely off the hard surface of the highway.

The contention of appellant is that the automobile was observed to be in difficulty; that it became the duty of the bus driver to stop; that he had the "last clear chance" to avoid a collision or to reduce the force of the impact; and his failure to do so was negligence as to his passengers.

It is, of course, the duty of the operator of a common carrier passenger vehicle to exercise the highest degree of care in the protection of his passengers. The question is whether there was sufficient evidence to justify a finding by the jury that the bus driver failed in this duty.

This case is very similar to that of Southeastern Greyhound Lines et al. v. Donohue et al., 298 Ky. 139, 182 S. W. 2d 328. There a bus was struck on its right side of the road by an oncoming truck which swerved over the dividing line in the highway. This truck had been observed by the bus driver to have crossed over to the wrong side of the road when 600 feet away. It then pulled back to the proper side of the road, and when 60 feet from the bus suddenly swerved again. The bus driver testified that he did not have time to

sound his horn or apply his brakes or do anything more than cut the front wheels to the right. We held that the bus driver was not guilty of any negligence which could be deemed the proximate cause of the accident. See also Risen v. Consolidated Coach Corporation et al., 274 Ky. 342, 118 S. W. 2d 712.

Appellant relies on Weintraub v. Cincinnati, N. & C. R. Co., 299 Ky. 114, 184 S. W. 2d 345, which he insists is not distinguishable from the present case. In that case a bus of defendant collided with an automobile on Central Bridge over the Ohio River at Newport, Kentucky. The facts show that it had been raining hard, the rain caused a slippery condition of the bridge, and the bus driver observed the automobile 300 feet away in the street car tracks on the wrong side of the bridge. The driver admitted that he observed the oncoming car "caught in the street car rails." He made no effort to stop, and the vehicles collided. We there held that the "last clear chance" doctrine applied, and it was the bus driver's duty to use the means at his command to avoid the injury when the plaintiff's peril was, or might have been, discovered.

It seems the Weintraub case is clearly distinguishable from the one before us. There the bus driver (1) observed an automobile in a perilous situation from which it did not appear it could be extricated, and (2) he took no steps to avoid the collision. In the present case the automobile, while at one time apparently in difficulty, had come back onto its right hand side of the open road, and the bus driver had a right to assume it would not suddenly swerve into him. In addition to that the bus driver, when he realized the situation might be perilous, took active steps to try and protect his vehicle and its passengers from collision. He pulled over to the right hand side of the road as far as he could. While appellant insists he should have stopped, it seems to us that pulling far over to the right hand side was probably a safer precaution than stopping in the middle of the road. Still further, it is pure speculation as to whether or not stopping the bus would have avoided the collision.

We are unable to find on this record that the bus driver actually had the "last clear chance" to avoid the

collision, or that he failed in his duty to exercise the highest degree of care. For this reason, the verdict was properly directed for the driver of the bus and its owner.

The question remaining is whether or not the owner of the automobile driven by Smallwood is liable for the latter's negligence. Appellant insists that Smallwood had specific authority to use the car to procure some chickens for the owner's family, and that the "family purpose" doctrine applies.

The evidence is clear that on this occasion Smallwood did not have specific authority from the owner to operate the automobile for any purpose. Smallwood had not asked the owner for permission to use the car nor was the owner aware of its use at the time. It is very questionable that Smallwood was using it for anything but his own personal purposes. Even if he expected to fetch some chickens for the owner's family, appellant failed to prove that at the time of the collision he was the owner's agent. See Hendricks v. Sphire, 282 Ky. 497, 138 S. W. 2d 984.

It is clear that the "family purpose" doctrine does not apply. Smallwood was not a member of the family, and he was not accompanied by any member of the family. Appellant contends that Smallwood was operating the car with the permission of the owner's wife, and that this brought him within the doctrine under the ruling in Thixton v. Palmer, by, etc., 210 Ky. 838, 276 S. W. 971, 44 A. L. R. 1379. In that case a member of the owner's family, present in the automobile, permitted a third party to drive.

The "family purpose" doctrine is a fiction based upon an implied relationship of principal and agent, and we do not feel it should be extended beyond the purpose it was intended to accomplish. See McNamara v. Prather, 277 Ky. 754, 127 S. W. 2d 160. If appellant's theory was adopted, mere ownership of an automobile would impose liability for injuries caused by anyone operating it for any purpose with the permission of any member of the family. Such is not and should not be the law. Slusher v. Hubble, 254 Ky. 595, 72 S. W. 2d 39.

We believe the Thixton case above cited extended

the doctrine far enough, and in order to hold the owner liable, at least a member of the family should be present in the automobile when it is being operated by a third party. Since appellant failed to show any agency, express or implied, the Court properly directed a verdict for the owner of the automobile.

For the reasons hereinabove stated, the judgment of the Greenup Circuit Court is affirmed.