## WALTERS v. SOUTHEASTERN GREYHOUND LINES et al.

Court of Appeals of Kentucky.

May 25, 1951.

J. Leonard Davis, Harlan, for appellant.

Smith & Shehan, Daniel Boone Smith, Ray O. Shehan and J. K. Beasley, all of Harlan, Robert Odear, Lexington, for appellees.

STANLEY, Commissioner.

In this suit for damages by the appellant, Mrs. Zella Walters, against the Southeastern Greyhound Lines and Bashem Smith, the court directed a verdict for the bus company, and the jury found for Smith. A reversal of the judgment is sought upon the grounds of error in giving the peremptory instruction and in the instructions submitting the case against Smith.

The plaintiff was a passenger in a bus. Evidence in her behalf was that while the bus was going 35 or 40 miles an hour, Smith's truck came around a curve, running "pretty fast," or 55 or 60 miles an hour, slipping or skidding, and the rear end swung across the center line into the path of the bus. She saw the truck about 250 feet away. The bus driver pulled over farther to the right, slowed down, blew his horn, but the rear of the truck and the front of the bus collided. The bus ran over into a ditch. The plaintiff, standing, was thrown to the floor and suffered some bruises. Two trucks were stationary on the side of the road, though the motors were running. The owner, Cottrell, testified that Smith's truck turned cross-ways of the highway and was completely on its wrong side when the collision occurred and that his cars were in no way responsible. A State policeman testified that at the point of impact the left wheels of the bus were only three feet on the paving and that it ran about 30 feet before it left the road into the ditch.

The appellant argues that the jury should have been permitted to say whether there was concurrent negligence of both defendants; that since the on-coming truck was seen 250 or 300 feet away, zigzagging, the driver of the bus, in exercising the high degree of care imposed upon a common carrier, should have stopped in order to avoid the collision. We do not think the evidence supports the statement that the truck was zigzagging all the way. It is that as it came around the curve, the rear end was swinging over beyond the center line and manifestly came on, getting further and further over on its wrong side of the road and finally struck the corner of the bus. It seems to us the court rightly regarded the plaintiff's evidence as not showing negligence on the part of the bus driver. It proved that Smith's truck was the cause of the accident, and we think proved that the driver of the bus acted prudently and with reasonable care under the circumstances. He slowed down, warned the on-coming truck driver of the hazard and pulled off the road. Had he instantly come to a complete stop, he would have given the passengers a hard jolt, and it is apparent the head-on collision would have been much more severe. This case is well within the ruling of Risen v. Consolidated Coach Corp., 274 Ky. 342, 118 S.W.2d 712; J. C. Wells Bus Co. v. Kennard, 288 Ky. 507, 156 S.W. 2d 873; Griffith v. Fannin, 306 Ky. 279, 206 S.W.2d 965. The case of Weintraub v. Cincinnati, N. & C. Railway Co., 299 Ky. 114, 184 S.W.2d 345, relied upon by the appellant, is distinguishable. In that case the wheels of the on-coming automobile were caught in a streetcar track on a bridge, and the bus driver saw or should have seen the situation, but, nevertheless, went ahead without slowing down or pulling over to the side to avoid the other car. He used no means at his command to avoid the collision. In the present case, the driver of the bus used all the means at his command, acting prudently and carefully. The peremptory instruction was proper.

In Smith's defense it was shown that he was not running over 35 miles an hour, and with reference to Cottrell's cars, stated by the plaintiff and by him to have been sta-tionary on the side of the road, it was shown that one car had been or was being towed backward by the other in order to get its motor started; that it did start and apparently being out of control, suddenly cut across the road in front of Smith's truck. Smith, unable to avoid it, hit that car and the impact turned him back onto the other side of the highway in front of the bus. The defendant's testimony was supported by several other witnesses.

The court gave all the instructions offered by the plaintiff and another submitting Smith's defense that he was suddenly and unexpectedly confronted with imminent danger caused by Cottrell's car. The instruction was patterned after that prepared by this court in Louisville Taxicab & Transfer Co. v. Ramey, 222 Ky. 286, 300 S.W. 890, published as Sec. 123, Stanley's Instructions to Juries. Appellant's argument is that the instruction should not have been given or should have been qualified since it permitted Smith to escape liability even though he was running his truck at an excessive speed when he was confronted, as he claimed, with the emergency; in other words, that Smith must have shown that he was not negligent in the way in which he was running his truck and thereby proved that the sole negligence was Cottrell's, who was not a party to the suit. In Houser v. Coursey, 310 Ky. 625, 221 S.W. 2d 432, the defendant's car ran off a street and injured a woman standing in her yard. His defense was that he did so because another automobile ran into him and knocked or caused him to drive his car into the yard. The court gave an instruction under which the defendant might be exonerated upon the finding that the sole cause of the accident was the negligence of the third party. We held that sufficient and proper rather than an instruction offered by the plaintiff against whom the verdict went. The instruction submitting the affirmative defense in the present case predicated the defendant's right to be exonerated upon the jury's belief that he was exercising ordinary care in operating his truck when he was confronted with the sudden peril. In the Louisville Taxicab & Transfer case, supra, the only evidence of negligence of the defendant's

driver (other than the fact that he ran into a parked car) was excessive speed. But it seemed sufficient to condition the defense upon the belief that the driver was exercising ordinary care in the operation of the taxicab. Perhaps it would have been better to have included in the predicate of the instruction the condition that the defendant was free from negligence in the several respects described in Instruction No. 1, as was done in a similar instruction approved in Moreland's Adm'r, v. Stone, 292 Ky. 521, 166 S.W.2d 998. But the plaintiff requested no such amplified instruction. She is not in position to complain. Major v. Rudolph, 218 Ky. 1, 290 S.W. 688.

Perceiving no error, the judgment is affirmed.