**ROSE v. HARRIS et al.**

Court of Appeals of Kentucky.

Dec. 12, 1952.

Rodes K. Myers, W. O. Bilyeu, Leland Logan and Coleman, Harlin & Orendorf, Bowling Green, for appellant.

Joe S. Garman and G. D. Milliken, Sr., Bowling Green, for appellee.

CLAY, Commissioner.

Appellant was seriously injured when the automobile in which he was riding collided with an automobile owned and operated by one Frank Harris. He filed suit against the latter and his father. At the conclusion of the evidence, the court directed a verdict for the father. The jury then returned a verdict finding appellant and defendant Frank Harris each guilty of negligence, and appellant was awarded nothing on his claim. On this appeal his principal contention is that the court erred in directing a verdict for the father.

It is insisted that the parent was liable under the "family purpose" doctrine. We may assume, without deciding, that the circumstances justified invoking the doctrine. However, if it was error to direct a verdict for the father, it was not prejudicial to appellant. The reason is obvious. The "family purpose" doctrine is based upon an implied or imputed agency relationship. United States Fidelity & Guaranty Co. v. Brann, 297 Ky. 381, 180 S.W.2d 102; Griffith v. Fannin, 306 Ky. 279, 206 S.W.2d 965. The jury found appellant guilty of negligence, which barred his right of recovery against the son, who was the agent. If the latter was not liable, then the principal, his father, could not be. See Dillion v. Harkleroad, 295 Ky. 308, 174 S.W.2d 419.

Appellant suggests that the directed verdict for the father influenced the jury to return a verdict favorable to the son, because the latter probably could not satisfy a judgment. We cannot assume the jury decided the question of liability on the speculative solvency or insolvency of that particular defendant. Certainly it should not do so. Since the father's liability rested upon the legal responsibility of his son and agent, the jury's finding effectively exonerated both. Had the verdict not been directed, the result would have been the same. Therefore, if error was committed, it did not prejudice appellant on the merits of the controversy.

Appellant further suggests in his brief that the physical facts were such as to entitle him to a directed verdict. However, the testimony of the witnesses, the marks

on the road, and the positions of the wrecked automobiles raised a very real issue concerning which party was at fault. The physical evidence was not of such character as to authorize a directed verdict for appellant.

Appellant also argues that appellees' counsel in his argument to the jury went outside the record. The argument did no more than question the credibility of certain evidence introduced by appellant which the circumstances tended to contradict.

This case involves a very serious, unfortunate and tragic accident in which one or more parties appear to have been grossly negligent, but appellant had a fair trial and we find no error in the record prejudicial to his substantial rights.

The judgment is affirmed.