## DOUGLAS v. WOOD.

Court of Appeals of Kentucky.

Jan. 23, 1953.

Robert J. Watson, Middlesboro, for appellant.

E. B. Wilson, Pineville, for appellee.

MORRIS, Commissioner.

Appellee, plaintiff below, following a jury's verdict was awarded a judgment of $5,500 against appellant on account of injuries received in an automobile accident; $500 of the award was for medical and surgical expenses. The proof shows that appellee was severely injured, and there is no contention that the award is excessive.

There is little dispute as to the facts. Both parties are attorneys, residents of Middlesboro, Kentucky, employed by the Kentucky Park Commission in different capacities. Prior to April 20, 1950, the date of the accident, appellee was asked by appellant to accompany him on a business trip to Washington, D. C. After some time spent in Washington the two began the return trip to Middlesboro, appellant driving his car; the trip ended as far as appellee was concerned, at some point on the Virginia highway. In his petition appellee charged that his injury was the result of gross negligence of appellant in the operation of his car. There is no allegation of "willful neglect." Following a general denial, appellant in defense pleaded contributory negligence, assumed risk, and lastly that under the Virginia Statutes, Michie's Code of Laws of Virginia, 1942, Sec. 2154(232) no recovery could be had unless it be shown that the injury was the result of gross or willful neglect of the owner or operator of the vehicle. That statute in substance reads:

"No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation * * * shall be entitled to recover damages against such owner or operator for * * * injuries to the person * * * of such guest

resulting from the operation of such motor vehicle, unless * * * injury * * * resulted from the gross negligence or willful and wanton disregard of the safety of the person * * * being so transported on the part of such owner or operator."

It was stipulated that the foregoing is a correct statement of the Virginia "guest" law, and that in a case where recovery was had an injured person might be awarded such a sum as would compensate him for physical pain and suffering, impairment of earning power and medical expenses. It was proven that under the motor vehicle laws of Virginia, on highways of the type on which the accident occurred, the speed limit was fifty miles per hour, and that there were signs evidencing the speed limit.

Appellee's testimony went into great detail relating to the trip to Washington, the stay there and the return trip. The potent facts are briefly, that on the return trip appellant left the usually traveled highway in order to attend to some personal matter in Halifax. Some discussion was had as to whether they would break the journey by stopping for the night at Danville, Virginia, and they started in that direction. Later appellant suggested that they could "get nearer home," if the stop at Danville be abandoned, and the "reasonable" speed was increased, according to appellee, to "from sixty to sixty-five miles per hour." The car at this rate came over a rise in the road, on a slight curve, and began to skid, first to the right then to the left; struck a tree on the right side and another on the left and came to a stop. Appellee says he later measured the distance from the start of the skidding to the point where the car stopped, and it was about 700 feet. A witness, who appeared on the scene shortly after the mishap, estimated that distance at "from 200 to 250 yards." The proof shows that the road was an ordinary black top road about 18 feet wide; that it had been raining during the day, and was "raining some" at the time of the accident. It was stated by appellee, and the witness Moore that when appellant was asked, "What happened"? he answered, "I was driving too fast and ran off the road." This was not denied.

Appellant's testimony fixed appellee's status as that of "guest"; he admitted the lawful speed limit to be 50 miles per hour, and said he was "trying to keep close to that limit." He disagreed as to the distance the car traveled after it began to skid, estimating the distance at about 200 feet. He said he approached the curve at a speed of 48 or 49 miles per hour. However, as the case is presented to us, its determination rests mainly, if not altogether, on appellee's evidence.

Appellant in motion for a new trial charged that the court erred in giving instructions offered by appellee, in rejecting some of his tendered instructions, in admitting incompetent evidence and refusing to give the jury an instruction to find for him "at the close of testimony for the plaintiff." No such motion was made at the close of all the testimony.

However, as we read appellant's brief (which does not at all comply with our Rule 1.340 as to classification and authorities) all grounds are waived except the last one stated. The contention is that the proof failed to show that the injury to appellee resulted from gross negligence or "willful and wanton disregard of the person of the appellee," and second that appellee was shown to have been guilty of contributory negligence, hence the court should have, as a matter of law, determined both or one or the other of these contentions in his favor.

■ It is admitted, and we have so held, that the law of the state in which the accident occurs is controlling. Feck's Adm'r v. Bell Line, Inc., 284 Ky. 288, 144 S.W.2d 483; Jones v. Jones, 312 Ky. 240, 227 S.W.2d 182. Appellant in his brief, without fully analyzing the testimony on which he bases his ground that gross negligence was not shown, refers to several Virginia cases which define gross negligence as being "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another." Wright v. Osborne, 175 Va. 442, 9 S.E.2d 452, 454, or "something more than lack of ordinary care. * * * conduct which

shows an utter disregard of prudence amounting to complete neglect of the safety of another". Reel v. Spencer, 187 Va. 530, 531, 47 S.E.2d 359, 361. He contends that no negligent acts are shown. It may be noted that the court in defining gross negligence adopted the definition quoted above.

■ In answer to the contention of appellant, appellee summarizes the evidence and argues that the combination of negligent acts amounted to a sufficient showing of gross negligence, amply justifying submission to the jury, and refers us to cases in which the Supreme Court of Appeals of Virginia has held that the question as to whether or not there was gross negligence is usually for the jury. Glass v. Huddleston, 155 Va. 143, 154 S.E. 506, and refers us to the more recent case of Yonker v. Williams, 169 Va. 294, 192 S.E. 753, 755, in which the proven negligent acts were in some respects similar to those here shown, and the court, approving the former case of Poole v. Kelley, 162 Va. 279, 173 S.E. 537, said:

"We do not undertake to say that any certain speed is gross negligence where the road is wide and straight.

" 'What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case were such as would be expected of reasonable, prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court.' "

The foregoing rule, as to determination of the question of whether the acts proven amounted to gross negligence, is found in other Virginia cases. Young v. Dyer, 161 Va. 434, 170 S.E. 737; Drumwright v. Walker, 167 Va. 307, 189 S.E. 310.

The contention that appellee was guilty of contributory negligence, as a matter of law, is very mildly argued by appellant's counsel. He picks out certain statements of appellee as showing, or tending to show, that he failed to do something which would have served to prevent the accident. Appellee admitted that he said nothing to appellant about the speed he was traveling, or that he warned him at all. He said that Mr. Douglas was a good driver, and he had ridden with him frequently. It is apparent from appellee's testimony that the skidding of the car came very shortly after the increase of speed. He said they had proceeded about five miles from Halifax toward Danville, at a speed of about 50 or 55 miles per hour, but the rate of speed was increased to about 60 or 65 miles "just before the accident," and he had no opportunity to say anything until after the car began to skid, when he then told appellant to "hold it." He says he had no feeling of alarm until the accident happened.

■ We are of the opinion that there was not sufficient proof of appellee's failure to make protest to justify this court or the trial court in concluding that appellee was contributorily negligent. It is noted that the court, we think properly, submitted the question in an instruction correct in form and substance, and of which no complaint is made.

Our consideration of the record leads us to the conclusion that the trial court did not err in submitting the issue to the jury.

Judgment affirmed.