## SMITH v. ROBERTS.

Court of Appeals of Kentucky.

Nov. 20, 1953.

Redwine & Redwine, Winchester, Caswell P. Lane, Mt. Sterling, for appellant.

Lewis A. White, Mt. Sterling, M. E. Strange, Stanton, for appellee.

SIMS, Chief Justice.

In this opinion we will refer to appellant as defendant and to the appellee as plaintiff.

Plaintiff, Stanley A. Roberts, recovered $2542 damages against defendant, Hoke

Smith, for personal injuries received from a truck accident due to the alleged negligence of defendant in relining the brakes of the truck. In seeking a reversal, defendant insists the court erred: (1) in not sustaining his general demurrer to the petition; (2) in overruling his motion for a continuance; (3) in overruling his motion for judgment notwithstanding the verdict; (4) in refusing to direct a verdict in his favor; (5) in giving instructions.

The unusual facts in this case are that plaintiff took his father's truck to defendant's garage in Stanton to have the brakes relined. As soon as the work was completed, plaintiff got the vehicle and proceeded west on highway #15 in the unloaded truck with his father and Ernest Johnson, his uncle, as passengers. At Clay City, some two or three miles west of Stanton, his father left the truck, examined its rear wheels and then motioned plaintiff to continue the trip with his uncle.

Plaintiff drove the truck to Mt. Sterling, about 20 miles from Stanton, and while going down grade into town observed the traffic light at the bottom of the viaduct was red. He applied his foot brake, which completely failed him due to the fact that the rear axle came out of its housing because the nuts which hold the axle in its housing were improperly fastened. He attempted to reduce the speed of the truck by the use of the transmission gears without success. Then he stood up in the truck, steering it with his right hand, leaned out and motioned and yelled to people in the vicinity that he could not stop the truck. The truck gained speed until it got out of plaintiff's control and either he fell or jumped from the vehicle just before it struck a pole, sustaining serious personal injuries.

This action is brought upon the theory that a repairman is liable for injuries sustained if his negligence in making the repairs is the proximate cause thereof.

■ Defendant urges his general demurrer to the petition should have been sustained because it averred a contract between plaintiff's father and defendant concerning the repair of the former's truck, and then proceeded to charge defendant with negligence which resulted in injury to plaintiff, a stranger to the contract. Defendant has erroneously conceived that plaintiff's cause of action sounds in contract rather than in tort. The petition predicates defendant's liability upon his negligence in repairing the brakes, alleging it was the proximate cause of the subsequent injury to plaintiff. In overruling defendant's general demurrer, the court properly held the petition stated a cause of action. Oliver v. Bereano, 293 N.Y. 931, 60 N.E.2d 134, Annotations 170 A.L.R. 678. Also, see Gaidry Motors v. Brannon, Ky., 268 S.W. 2d 627.

■ One of the grounds for a new trial is the judge erred in overruling defendant's motion for a continuance. Defendant sought a continuance to enable him to secure the testimony of an absent mechanic, Walker, who was employed in his garage at the time the truck was repaired. This suit had been filed practically a year before it was called for trial. Furthermore, the trial was passed nine days in order to allow defendant to obtain the testimony of this witness and he made two unsuccessful trips to Ohio to contact Walker. There is nothing in the record to indicate defendant did anything to secure the address of Walker until ten months after the suit was filed. These facts fail to show due diligence upon the part of defendant in securing the testimony of this witness and the court did not abuse its discretion in denying a continuance. Fidelity & Deposit Co. of Md. v. Jones, 256 Ky. 181, 75 S.W.2d 1057.

■ Defendant further argues it was error not to allow his affidavit to be read as the evidence of Walker. The affidavit contains nothing but conclusions of fact and its effect at best would be but cumulative. The testimony of the defendant, himself, establishes that the only connection Walker had with repairing the truck in question was to "help lift the wheels on." Furthermore, the affidavit was insufficient because it did not aver the testimony sought to be obtained by the affidavit was true, or

believed to be true, by the affiant. Harlan-Central Coal Co. v. Gross, 298 Ky. 540, 183 S.W.2d 550; Empire Taxi Service v. Hagan, 290 Ky. 821, 162 S.W.2d 177; Civil Code of Practice, § 315.

 Defendant insists he was entitled to a directed verdict because plaintiff was guilty of contributory negligence as a matter of law because he steered the truck with one hand instead of running it into the side of the viaduct. An ordinarily reasonable and prudent man is not prone to remain calm, cool and collected in an emergency, and one so imperiled is not required to make the decision which seems soundest in light of subsequent circumstances. It is sufficient if his actions appeared reasonably necessary to him at the time of the emergency. Major v. Rudolph, 218 Ky. 1, 290 S.W. 688; Feck's Adm'r v. Bell Line, Inc., 284 Ky. 288, 144 S.W.2d 483; Southern R. Co. v. Lyen, 289 Ky. 726, 160 S.W.2d 1.

The motion for judgment notwithstanding the verdict was properly overruled because a general demurrer to the petition was overruled, as well as a motion for a directed verdict. Civil Code of Practice, § 386; Jones Construction Co. v. Hendley, 224 Ky. 83, 5 S.W.2d 482; Connecticut Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S.W. 867; Auto Livery Co. v. Stone, 237 Ky. 686, 36 S.W.2d 349.

Defendant further insists it was error for the court to give instruction #3, which in substance told the jury that if the plaintiff was placed in imminent danger as the result of the negligence of defendant or his agents, or employees, then plaintiff could not be charged with contributory negligence if he chose the wrong course of conduct. This argument has been answered in the second paragraph above.

Defendant next contends it was error to refuse to give instructions "Y" and "Z" which he offered. Instruction "Y" set out plaintiff's duties in operating the truck, but the court embodied these same duties in a general way in instruction #2. Instruction "Z" told the jury in effect it could not find for plaintiff unless it believed the ac-

cident was caused by defendant's negligence in repairing the truck. This theory was plainly incorporated in the first instruction the court gave.

Finally, the defendant claims instruction #1 given by the court was erroneous, in that it failed to refer to instructions #2 and #3, which related respectively to contributory negligence and to the law applicable to an emergency. It is axiomatic that the instructions should be read as a whole. In the present case, instruction #1 directed the jury under what circumstances they should find for plaintiff, concluding with, "but unless you so believe from the evidence the law is for the defendant and you will so find." Instruction #2 defined plaintiff's duty during this series of events and stated that if plaintiff were guilty of contributory negligence, he could not recover. Instruction #3 covered the rights and duties of plaintiff if he were placed in imminent peril by defendant's negligence. We think these instructions clearly spelled out the law of the case for the jury without prejudice to defendant's rights.

Judgment affirmed.