Winston Fred PARKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 6, 1955.

Sampson B. Knuckles, Barbourville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Appellant was convicted in the Knox Circuit Court of voluntary manslaughter for recklessly and wantonly driving his car on the highway in such a manner that it struck an oncoming car driven by James E. Hale, who was instantly killed in the collision.

The accident in which Hale died occurred at night about 8:30 p. m. on September 10, 1954, in Knox County on Highway 25E. The appellant was driving his car south toward Pineville on a straightaway when the car being driven by the decedent in the opposite direction came around a curve and, according to the appellant, veered into his traffic lane. There were no eyewitnesses except appellant and an important question before the jury was which car was in the wrong lane at the time of the impact. The first witness on the scene found appellant unconscious in his car off the right-hand side of the highway. The decedent's car was in its right lane, the smashed front of the car on the steering side being within three to six inches of the highway center line, with the rear pointing obliquely from the line. Conflicting inferences as to the point of impact could be drawn from the debris and "dug-out places" in the highway.

There was ample evidence that the decedent was "moonshine" drunk and in a thoroughly unfit condition to be driving a car. There was evidence that the appellant was speeding and some witnesses testified they smelled beer on his breath.

The appellant urges the following grounds for reversal: (1) Instruction No. 2 on voluntary manslaughter under which defendant was convicted was unauthorized as there was no evidence of reckless or wanton driving on the part of appellant as to indicate disregard for human life; (2) the court erred in its Instruction No. 3 in that it authorized a conviction for involuntary manslaughter based on ordinary rather than gross negligence; (3) the court failed to instruct on the whole law of the case; (4) the court erred in admitting evidence of appellant's speeding remote from the place of the accident; and (5) the court failed to instruct on sudden emergency.

(1) The question of speed is a vital one in this case. We think the evidence as to appellant Parker's speed, plus the slight evidence that he had been drinking, justifies submission of the case to the jury under a voluntary manslaughter instruction on the question of whether he was driving his car in such a wanton and reckless manner as to manifest a disregard for human life. We will deal more fully with this point later in this opinion when discussing the admissibility of certain evidence.

■ (2) The contention that the court erred in its Instruction No. 3, in that it authorized a conviction for involuntary manslaughter based on ordinary rather than gross negligence, seems well taken. The common law crime of involuntary manslaughter, punishable in this state by a penalty of confinement up to twelve months in the county jail or a fine up to $5,000, or both, under KRS 431.075, requires a finding of gross negligence for conviction. Kelly v. Com., Ky., 267 S.W.2d 536; Marye v. Com., Ky., 240 S.W.2d 852.

■ (3) The failure of the trial court to instruct on the whole law of the case was also reversible error. The court did not instruct under KRS 435.025, which section limits the punishment for causing the death of another by negligent operation of a motor vehicle to twelve months in the county jail. This statute requires mere ordinary negligence for conviction and is particularly applicable to this case since it could readily be inferred that the negligence of the appellant in this instance was ordinary negligence rather than reckless and wanton conduct or gross negligence.

· ■ In Kelly v. Com., Ky., 267 S.W.2d 536, 539, a prosecution for voluntary manslaughter arising out of an automobile accident, this court said:

"In a criminal case it is the duty of the court to prepare and give instructions on the whole law and this rule requires instructions applicable to every state of case deducible or supported to any extent by the testimony. Stanley's Instructions to Juries, Section 760; Hendrickson v. Com., 235 Ky. 5, 29 S.W.2d 646; and Smiley v. Com., 235 Ky. 735, 32 S.W.2d 51.

"At the time the alleged offense was committed in the case at bar (October 18, 1952), as we have shown above, there existed in this state three degrees of manslaughter: (1) voluntary manslaughter requiring the greatest degree of negligence and carrying the greatest penalty (2 to 21 years in the penitentiary); (2) involuntary manslaughter involving the intermediate degree of gross negligence and punishable by a lesser penalty of confinement up to 12 months in the county jail or a fine up to $5,000, or both; and (3) the statutory offense requiring the lowest degree of ordinary negligence and carrying the smallest penalty of confinement in the county jail up to a period of 12 months."

It was argued in that case that since the defendant was found guilty of voluntary manslaughter, the correctness or incorrectness of other instructions concerning manslaughter were of no concern, but the court held that even though the defendant was convicted of voluntary manslaughter the failure to instruct upon the three phases of manslaughter was reversible error.

■ (4) The trial court admitted, over appellant's objection, the testimony of two Barbourville policemen that appellant sped through Barbourville in his car at a speed of 70 to 85 miles per hour, disregarding stop signs and refusing to stop when one of the policemen pursued him in a patrol car with siren open. This evidence was highly prejudicial. There was other evidence that appellant stopped outside the City of Barbourville at a filling station before continuing toward Pineville. This was two or three miles from the point of the accident. In Cornett v. Com., 282 Ky. 322, 138 S.W.2d 492, it was held that testimony as to the speed of the accused should be confined to the immediate scene of the accident, and that testimony relating to his speed at a distance so great from the scene that the accused could have changed his course or manner of driving before reaching the point was inadmissible. Under the authority of this case the testimony of the two Barbourville city policemen should have been excluded. However, testimony of Walter Mills and J. F. Mills, who observed the speed of the car only about 100 yards from the point of the accident, was properly admitted. In Fairchild v. Com., Ky., 267 S.W.2d 528, we said that evidence of speed some 200 yards from the point of an accident is admissible.

**4**

(5) No instruction on sudden emergency was warranted.. The sudden emergency rule applies only when evidence discloses that one became aware of an emergency and was put to a rapid choice of alternative courses of action in order to avoid an accident and the jury, in the state of the evidence and in the light of subsequent events, might reach the conclusion that the course of action adopted was an unwise one. Feck's Adm'r v. Bell Line, Inc., 284 Ky. 288, 144 S.W.2d 483; Marye v. Com., Ky., 240 S.W.2d 852. The appellant in the case at bar ran off the road on his side of the highway. There is no evidence that this was an unwise course of action in the light of subsequent events. In the Marye case it was held the accused was entitled to such an instruction because in his efforts to avoid hitting another car he ran over the curb and killed two elderly people.

The judgment is reversed for proceedings consistent with this opinion.